### ARUNAH SPEAR *vs.* WILLIAM DITTY.

WASHINGTON,
*March,*
1836.

The bond, required by the act, relating to particular land taxes, passed Nov. 11, 1807, to be given by the collector, is sufficient, if it be given in double the amount of the tax-bill delivered to the collector, although it be not in double the amount of the whole tax upon the township.

Where the collector's sale was advertised at a particular time and place, and the collector's return states it to have been held in the town and on the day designated, it will be presumed, in the absence of proof to the contrary, that it was held at the precise time and place specified.

It is not necessary, that the town clerk *certify* the volumes, numbers, and dates of the several papers, in which the committee's and collector's advertisements are published; but it is sufficient, if all these particulars appear in his record of the advertisements.

It is not necessary that the collectos's *rate-bill* should be recorded.

Ejectment for lot No. 3, in the 6th range and 2d division of lots in the town of Roxbury, drawn to the original right of Asa Taylor.—Plea, *not guilty*.

The defendant, in support of his defence, offered in evidence an act of the legislature, granting a tax of four cents per acre on the lands of the town of Roxbury, passed at their Oct. session in the year 1831, and insisted that the proceedings under said tax, in relation to the sale, were, in all respects legal and regular, and that the land in dispute, was sold for the payment of said tax, and that the defendant derived a legal title under said proceeding and sale. And among other things offered in evidence the bond of the collector, which was objected to by plaintiff, and rejected on the ground that said bond was not in double the whole amount of the tax assessed on said town. Also, offered in evidence, the record of the sale of said land for said tax, which record was objected to on the ground of the hour and dwelling-house where the sale was held not being mentioned in said record, which was rejected. The defendant then offered parol evidence to show that the sale was held at the time and place mentioned in the collector's advertisement, which was objected to, and rejected. To which decision, rejecting the evidence, the defendant excepted.

These and sundry objections to the regularity of the proceedings in relation to the vendue, which are stated in the opinion of the court, were made by defendant. Verdict and judgment for the plaintiff.

*S. B. Prentiss for defendant.*—1. The bond is in conformity with the requirement of the statute. It is to be in double the

WASHINGTON,
March,
1836.

Spear
vs.
Ditty.

amount of the tax the collector is appointed to collect," and he is appointed to collect the tax which remains unpaid, either in labor or money, at the expiration of the time allowed by the statute to the land owners to work out their taxes. Previous to this time, all monies to be paid are to be paid to the committee appointed to superintend the expenditure of the tax, and all labor to be performed in payment of the tax is to be performed under their direction. Until the expiration of that time, the agency and duties of the collector do not commence; then, and upon the contingency of non-payment, the tax is put into his hands for collection, he is to give bonds, and to give the required notice by advertisement. Can he be said to be appointed to collect a tax which never can come into his hands for collection? . If the legislature intended the bond to be in double the amount of the tax *assessed* upon the town, why not use language clearly and directly expressive of that intention, and not language upon which a very different construction may, and we think, ought to be put? The bond then, being in double the amount of the tax which was put into the hands of the collector for collection, answered the requirement of the statute.

But the statute in this respect is merely *directory*. The object of the bond is to ensure a faithful performance of his duty by the collector in collecting and accounting for the monies due from the delinquent land owners. In the case of *Phelps* vs. *Parks*, 4 Vt. R. 488, the court decided a recognizance in less than double the amount of the judgment, to be a compliance with the statute which requires a bond in " double the estate or money recovered by the judgment." So in Massachusetts, bonds, though not in strict conformity with the provisions of their statutes, as to the amount, have been held valid.—7 Mass. 98 and 200.—8 do. 373.

Could not a suit upon this bond have been sustained against the collector? If so, and it was a good and valid bond for one purpose, is it not for all purposes?

Again, the bond is no part of the *title*, and the title under the vendue sale cannot be affected by its want of conformity with the statute.

2. The statute requires the sale to be held in the " town where the lands are situated;" and it is only necessary that it should appear from the records that the sale was there held.

Parol evidence may be admitted, to show that the sale was held at the hour and place where it was advertised to be held.

3. The town clerk is only to *record* the number and volume of the papers in which the advertisements are inserted.

4. The collector has published the "delinquencies" in the form prescribed by statute—a list of the delinquent lands was furnished the collector; but, it is not necessary that this fact should appear from the records. The statute has not required it, and the court will not be disposed to require that to be done, which the statute has not required to be done.

*L. B. Peck for plaintiff.*—1. The bond given by the collector, was for a sum less than the amount of the tax. The statute requires that the penal sum of the bond shall be at least double the amount of the tax the collector is appointed to collect. This is a positive requisition of the statute, and cannot be dispensed with.— 1 Comp. Laws, 665.

2. It does not appear from the records of the vendue sale, at what time and place the vendue was held. The collector, in compliance with the statute, fixed upon a time and place of sale in his advertisement, and it should appear *affirmatively*, that the sale took place at the hour and place thus publicly designated. It has long been the settled doctrine of this court, that they could make no presumption in favor of a collector's sale of lands.

3. The town clerk has made no certificate of the numbers and volumes of the different papers in which the committee's and collector's advertisements were published, as is required by the act regulating these sales.

4. No rate-bill, or list of delinquent lands, was furnished by the committee to the collector. The statute provides, that if any proprietor, or land-holder, does not pay in labor or money to the committee, within the time by them advertised, the amount of his lot, the collector shall advertise "such delinquencies." How can he do this without a rate-bill?

The opinion of the court was delivered by

PHELPS, J.—The defendant claims title to the demanded premises, by virtue of a collector's deed, upon a sale of the land, at vendue, for taxes. Several exceptions are taken to the proceedings of the collector, which, it is alleged, are not in conformity with the statute. The case involves a subject of of some difficulty. Great nicety has prevailed in relation to these titles; and, in cases of doubt, the inverted maxim seems to have obtained, *Ut res majis pareat quam valeat.* They are said to be *stricti juris*—a proceeding *in invitum*, &c. This is true. Still some degree of reason and sense is to be exercised in ascertaining what right is; and although there may be no equitable consideration to aid such a title, still every stat-

WASHINGTON,
March,
1836.

Spear
vs.
Ditty.

Washington,
March,
1836.

Spear
vs.
Ditty.

ute should have a rational interpretation and a reasonable effect. We ought not to discard those aids, which guide us in other cases; nor, by an unreasonable and senseless nicety, to defeat a solemn act of legislation. It is however admitted, that in interpreting these statutes, we should consider the title to be acquired under them as *stricti juris*, and should require a full and complete compliance with the requisitions of the statute. Before the title of the owner is divested by such a proceeding, we should insist upon every thing tending to the security of the owner, which is either prescribed in terms by the act—brought within it by a rational and strict construction, or which, in the nature of the transaction, is necessary to give ample effect to every safeguard which the legislature have endeavored to throw around the subject. But it is not our duty to legislate—to create artificial and unreasonable difficulties; nor by overnice and unmeaning technicality, without any rational purpose, to convert the proceeding into an idle ceremony.

It is objected to this proceeding,

1st, That the collector's bond is insufficient, because the penal sum is not equal to double the original amount of the tax.

It is difficult to conceive how this irregularity, if it be such, can have any reasonable bearing upon the rights of the plaintiff. The object of this bond is not the security of the land-owner against an illegal enforcement of the tax, but it is to ensure a proper accountability for the tax, after it is collected. It is not one of those safeguards, interposed between the tax-gatherer and the tax-payer, but has reference rather to the public interest, in the due accountability for, and expenditure of the tax. When this object is effected, the purpose of the law is answered.

Still, as the statute directs the giving a bond, it may be well to inquire whether the terms of the statute have been legally complied with. The direction of the statute is, that the collector shall give a bond, in "double the amount of such tax as he may be appointed to collect." Now this may mean, either double the original amount of the tax assessed upon the town, or it may mean double the amount due from delinquent land-owners, at the time when the tax-bill is committed to the collector for collection. If it mean the former, then the bond in question is insufficient; but if the latter, the bond is admitted on all hands to conform to the statute.

The course of proceeding directed by the statute is this: The committee, in the first instance, assess the tax;—they then publish a notice to the proprietors of the township, to work out their taxes within a given time, as directed by the statute: in case they make

default, it is then the duty of the committee to make out a rate-bill against the delinquent proprietors, and deliver the same to the collector for collection. Before he acts, he is required to execute a bond in " double the amount of such tax as he is appointed to collect." This bond is taken by the committee, who of course determine the amount in which it shall be given.

Now it is to be observed, that the collector is not appointed to collect the whole amount of the tax originally, but such part only as may remain unsatisfied to the committee, whose duty it is to superintend the expenditure in the first instance. The amount of the tax which he is appointed to collect, is the amount of the rate-bill committed to him for that purpose. This amount is ascertained by the committee, and it is for this reason, probably, that the bond is required to be taken by them. It was probably the intention of the legislature to require a security in double the sum which might come to the collector's hands, and we see no reason for including in the security a sum which the law supposes is paid, before he is called upon to act, and for which he can, in no event, be responsible. We are therefore of opinion, that the amount of the tax-bill delivered to the collector is the proper criterion.

If it were otherwise, still the act in this particular is directory merely. It is necessary so to treat it, in order to carry into effect the intention of the legislature. No court would pronounce a bond of this kind void, in a suit upon it, against a delinquent collector, because the penalty might fall short of the precise sum required by the law. And if the bond be a valid and effectual security against the collector, it would be absurd to hold, that he is not qualified in this particular to act.

2dly. It is objected, that it does not appear, from the record of the collector's proceedings, that the vendue was held at the precise time and place stated in the advertisement. It appears however, to have been within the town, and upon the day specified ; and this, in our opinion, is sufficient, inasmuch as no ground is furnished by the case, for presuming an irregularity in this respect.

It is said that no presumption is made in favor of such a title.—— It is true that no essential requisite will be presumed ; but, to a certain extent, presumptions may, and must be made ;—otherwise we are driven to forced and violent presumptions the other way, which are not to be made. The return however refers to the advertisement, which implies that the sale was had agreeably to the notice.

3dly. Another objection is, that the town clerk has made no

WASHINGTON,
March
1836.

Spear
vs.
Ditty.

WASHINGTON,
March,
1836

Spear
vs.
Ditty.

certificate of the numbers and volumes of the different papers in which the several advertisements of the committee and collector were published.   No *certificate* of this kind is required by law.—— The statute provides that " the town clerk shall *record* the advertisements at length, and the title, volume, number, and date of the papers in which they were inserted," &c.  This is done.  All these particulars appear of record, as required.

4thly.  It is further objected, that no rate-bill appears of record. The rate-bill is not necessary to be recorded.  It was indeed necessary that a rate-bill should exist ; but this might be proved by production of the bill itself.  For aught we know, it was done ; as no question of that kind is presented in the exceptions.  The question before us is, whether the copy of record was admissible ; and we hold that it was not necessary, for this purpose, that the rate-bill should appear of record.

Upon the whole, we are satisfied that the county court erred in rejecting the evidence offered.  Their judgment must therefore be reversed, and the cause remanded.