# WASHINGTON COUNTY.

## MARCH TERM, 1837.

---

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    " STEPHEN ROYCE,
    " SAMUEL S. PHELPS, } *Assistant Justices.*
    " JACOB COLLAMER.

=====

Washington.
March,
1837.

ARAUNAH SPEAR, Administrator of F. ALEXANDER *v.* WILLIAM DITTY.

A Collector's advertisements of particular land taxes must be signed by him, as collector.

This was an ejectment for land in Roxbury. On trial, the plaintiff showed title to the land in his intestate, his own letters of administration, and eviction by the defendant. The defendant claimed title by virtue of a vendue deed from E. Spaulding, as collector of a land tax, assessed on that town, by an act of Oct. 1831. From the record of the proceedings of said collector, under said act, it appeared that his advertisements, as inserted in the newspapers, were not signed by him, as "Collector," but with his name only. For this and several other causes, objection was made by the plaintiff. A verdict was taken for the defendant, under a rule, entered by consent of the parties, that, if the Supreme court were of opinion, that said proceedings and

deed did not show title in the defendant, judgment was to be entered for the plaintiff.

Washington, March, 1837.

Spear v. Ditty.

*L. B. Peck, for the plaintiff.*

The vendue title, under which the defendant claims, is defective. The collector should have signed his advertisements, in his official capacity. The form, given by the statute, and the reason of the thing require this. Even a public and known officer, when in the discharge of his official duty, must so sign. *Middlebury College v. Cheney,* 2 Vt. Rep. 220. *Lessee of Willieck v. Miles,* Peters' C. C. Rep. 429.

*S. B. Prentiss, for defendant.*

The form, prescribed by the statute, must be followed in every essential particular, but it is not every deviation or omission of a word, or a letter, which will vitiate. It sufficiently appears, from the whole advertisement, that Spaulding was collector. He undertakes to do what no other but a collector, by law, can do. In the records it appears he was collector, and by the records it also appears, that the advertisements were headed " collector's advertisements." *Shrewsbury v. Mount Holly,* 2 Vt. Rep. 220.

The opinion of the court was delivered by

COLLAMER, J.—It has long and repeatedly been holden, both by the Supreme Court of this and the United States, that sales for land taxes are proceedings *in invitum.* It is a mode of transferring title by operation of law, without the agency of the owner, and is also in the nature of a forfeiture, and, therefore, the proceedings are, as conditions precedent, to be strictly, perhaps literally, followed.

The statute requires that the committee, appointed by the particular act, assessing the tax, should advertise and give notice, in a certain manner, to the owners of the lands, of the time when the tax may be paid by labor on the roads, which it was assessed to build or repair. Those, who are delinquent of payment, in this manner, are to have notice, by advertisement in certain papers, of the time when they must pay the collector, and that, on default thereof, the land will be sold. For this latter advertisement a form is prescribed by statute, which, it has been decided, must be strictly followed ; as the owners of the land are generally non-residents, and are wholly dependent on this publication for notice. This it requires the Collector to do, and in the form it is required to be signed " *collector.*" Clearly, this is

Washington.
*March,*
1837.

Spear
*v.*
Ditty.

an official act, and it is difficult to see how any one can act officially on paper, and not so state on the paper. The act, assessing this tax, was a private act. The advertisement, in this case, was not signed by Spaulding, as collector, nor did it any way so import, and the land holders were, therefore, no way informed that the signer of that advertisement had any more right, than any other man, to give such notice, nor that, if he had such power, he undertook to exercise it. It is not true that every man is to be presumed to be clothed with and to be exercising an official capacity, because it seems to be needed for what he is attempting. Such a principle would sweep away all official signatures and designations.

It is said the record of the town clerk shows that Spaulding acted officially, and that his adversements were headed " Collector's advertisements." It must appear *on the publication*, by what power and in what capacity the person acts, and this cannot be supplied by the town records. It does, indeed, appear that the town clerk, in recording the advertisement, headed his record thus—" Collector's advertisements," but nothing of that kind was on the publication.

Judgment Reversed,

And, agreeably to the rule, and by consent of the parties, Judgment rendered for the plaintiff.