OATMAN & SHERMAN v. DORRANCE G. BARNEY.

*Parol Evidence of the Contents of lost Deed. Deed Giving Color of Title. Bond of Collector of Land Tax. Cestui Que Trust.*

Parol evidence of the contents of a lost deed, is admissible to show the character and extent of the possession of the grantees under it, and of those claiming under them.

A deed which only gives color of title, is admissible to characterize a possession under it.

If the bond required by statute to be executed by the collector appointed to collect a land-tax, be in a sum less than double the amount of the rate-bill of such tax committed to him for collection, his sales as such collector will be void.

The *cestui que trust* is the beneficial owner in equity, and a court of law will protect him, and those acting by his authority, in an entry upon and occupation of the trust property, as against a stranger to the title.

TRESPASS *qua. clau.* The case was referred, and the referee found the following facts:

" The *locus in quo* is a lot of wood and timber land. In 1836, said lot was conveyed by David Robinson to A. Knights, Philo Buck, and M. Judson, by deed of warranty. The proof of this deed was by parol, it appearing that the deed was lost, and never recorded. The plaintiff objected to parol proof of the contents of said deed; but such proof was admitted, to show the extent and character of the possession of the grantees therein named. It appeared that the grantees went into the possession of said lot in the fall of 1836, and continued in possession thereof until 1843, claiming title under said deed, and cutting off the best timber from the whole lot. After this, their grantees, up to and as late as the fall of 1859, occasionally cut timber upon said lot, and claimed the same adversely to all others. The deed of Knights to R. and T. Lyman, is dated December 22, 1842; T. Lyman to R. Lyman, September 30, 1847; R. Lyman to N. H. Bachellor, September 30, 1847 ; N. H. Bachellor to N. F. Barney, April 1, 1850; N. F. Barney to M. D. Barney and E. Canfield, December 8, 1854. All these grantees, while holding under their deeds, cut upon the lot. No others claimed to own the premises, and to enter into possession thereof, until after the tax sale and levy of execution hereafter referred to. At the time of the execution of the deed, Barney to Barney and Canfield, N. F. Barney became insolvent, and then conveyed the premises to

them in part payment of his indebtedness to them, that being much larger than the value of the property.

" In 1856, a land-tax was laid upon the lands in the town of Sunderland, by the legislature of this state ; and upon the sale of lands under this act, in March, 1859, the *locus in quo* was bid off by and sold to Giles B Bacon. It was bid off by said Bacon for M. D. Barney, at the request of N. F. Barney, acting as M. D. Barney's agent. Bacon has never since conveyed the premises, but has never claimed any beneficial interest in the land. At the time of N. F. Barney's deed to Barney and Canfield, N. F. Barney was also indebted to Ira Mattison, the plaintiff's grantor, and on the 17th of February, 1863, the said Mattison procured said lot to be set off on an execution in his favor against the said Barney and one N. H. Bachellor, issued on a judgment founded upon said indebtedness.

" On the 22d of September, 1863, said Mattison conveyed said lot to the plaintiffs, who immediately went into possession thereof, and for four or five consecutive years, cut about 300 logs thereon. In the fall of 1869, the defendant entered and cut upon the lot under M. D. Barney, and for this cutting this suit was brought. Before entering and cutting, the defendant applied to said Bacon, as the tax-title was in him, for license to do so. Bacon disclaimed having any interest in the lot, but told the defendant he could test the question of the plaintiffs' title, by cutting upon the lot. The proceedings in assessing, &c., said land-tax, are, by agreement of counsel, made part of this report. If the plaintiffs are entitled to recover, I find their damages to be $45."

Various questions were raised as to the validity of said tax-sale and proceedings ; but the disposition of those questions in this court, makes it necessary only to state, that the amount of the rate or tax-bill committed to the collector appointed to collect said tax, was $1,042.85, and that the bond given by him as such collector to the committee appointed to superintend the expenditure of such tax, was in the penal sum of $2,000.

The court, at the June term, 1873, WHEELER, J., presiding, rendered judgment on the report for the plaintiffs. Exceptions by the defendant.

*J. K. Batchelder* and *H. K. Fowler*, for the defendant.

Before and at the time of the land sale in 1859, the title to the *locus in quo* had become perfected in M. D. Barney and E. Canfield,

by an uninterrupted possession of the same by them and the other persons in the chain of title from David Robinson, a period of twenty-three years. Each one of these entered under their deed, and cut upon the lot, claiming adversely to all others, and during that time, no other persons claimed to own or possess the same. Theirs was such an adverse possession as would, under their deeds, give an absolute, indefeasible title to the lot, against the whole world, if continued for the space of fifteen years. Such acts of possession as the report shows they all did, are sufficient, in view of the nature and situation of the property, and when done under a claim and color of title, to effect this. *Sawyer* v. *Newland*, 9 Vt. 383; *Chilson et al.* v. *Buttolph*, 12 Vt. 231; *Spear* v. *Ralph*, 14 Vt. 400; *Spaulding* v. *Warren*, 25 Vt. 316; *Hughes* v. *Graves*, 39 Vt. 359.

Parol testimony was properly admitted to prove the deed, its loss and contents, of David Robinson to A. Knights, Philo Buck, and M. Judson, for the purpose of showing the extent and character of their possession; because for this purpose, it was not essential that the deed be recorded, as it would have been had the defendant been making a paper title from the original proprietor through David Robinson. *Spaulding* v. *Warren, supra; Beach* v. *Sutton*, 5 Vt. 209; *Hunt* v. *Taylor et al.* 22 Vt. 556. But even without the possession of Knights, Judson, and Buck, the report shows that the Lymans, and those in the chain of title under them, occupied and claimed title to said lot for more than fifteen years prior to the land sale.

If the land sale is defective, then the legal title to the lot is still in M. D. Barney and E. Canfield, and this defendant, cutting under M. D. Barney, has a perfect defence. But if the land sale is perfect, then the legal record title to the lot is in Bacon, and the equitable interest in M. D. Barney. Bacon holds the title to the land interest for M. D. Barney; a trust raised by implication of law, with no beneficial interest to the land in Bacon, and, as the report shows, none claimed by him, but on the contrary, he disclaims all interest in it. It is a simple dry trust, as the books term it.

N. F. Barney had no interest in the land at the time of Mat-

tison's levy ; hence, Mattison acquired no title by virtue thereof, and could convey none to the plaintiffs.

The defendant entered under a license from M. D. Barney, and stands in his place ; and the plaintiffs could not maintain the suit against him.  Bacon held title to the lot in trust for M. D. Barney, and the law will imply a license from the trustee to the *cestui que trust* to enter.  Perry Trusts, 466–7 ; 2 Washb. Real Prop. 439, 445, 449, 451, 488, 489 ; 4 Kent. Com. 308 ; *Pinney et al.* v. *Fellows*, 15 Vt. 538 ; *Dewey et al.* v. *Long et al.* 25 Vt. 564.  But a fair construction of the report shows a license in fact from Bacon to M. D. Barney.

The tax sale was void, because the bond given by the collector was not in double the amount of the tax.

*T. Sibley*, for the plaintiffs.

The facts found give the plaintiffs sufficient title to maintain this action against a stranger to the title, and all persons except the legal owner, or those having a better title.  These principles of law are familiar with the court, and no authority need be cited on this subject.

The sale of said lot under the land-tax referred to in the report, and the conveyance of the same to Giles B. Bacon by virtue of said sale, was a good and valid conveyance.  All the rules and regulations of law were strictly observed and followed in such sale, and the title to said lot thereby passed to, and become absolute in, him, against all persons.  *Brown* v. *Austin et al.* 41 Vt. 262.  M. D. Barney, therefore, had neither title nor possession, and the defendant cannot justify under him.  This view of the case renders all other questions raised, immaterial.

The opinion of the court was delivered by

ROYCE, J.  The first question presented by the report, is upon the ruling of the referee in allowing parol proof of the contents of the deed from David Robinson to Knights, Buck, and Judson. To lay the foundation for the introduction of this proof, it was first necessary to prove the loss of the deed.  This must have been made ; for the referee has found that it *appeared* that the

deed was lost.  If the deed would have been admissible, the fact of its loss having been established, parol proof of its contents was clearly admissible, as the best evidence which it was in the power of the party to produce.  This evidence was admitted to show the extent and character of the possession of the grantees named in the deed and those claiming under them, and for this purpose it was properly admitted.  A deed which only gives color of title, is admissible to characterize a possession under it.  The possession of the grantors of David Robinson and those claiming under them, had given them a perfect title to the lot, previous to the conveyance from N. F. Barney to M. D. Barney and E. Canfield, December 8th, 1854.  N. F. Barney had acquired all the interest which Knights had in the lot,—so that by the deed from N. F. Barney to M. D. Barney and E Canfield, they acquired the title to an undivided third part of the lot.  The defendant entered and cut the timber upon the lot for which this suit is brought, under M. D. Barney.  The defendant could well justify under M. D. Barney, unless he had become divested of the title, so that his license would be ineffectual for the defendant's protection.  For the purpose of showing that M. D. Barney had been divested of all title to the lot, the defendant introduced a copy of the record of the proceedings in the collection of a land-tax on the town of Sunderland, granted by the legislature of the state in 1856.  It appeared from said record that this lot was sold by the collector appointed to collect said tax, to G. B. Bacon, and was not redeemed.  Several objections were made in argument to the validity of the proceedings in the collection of said tax, but we have not deemed it important to notice but one, and that is the one taken to the sufficiency of the bond given by the collector. The statute requiring any collector appointed to collect any tax assessed upon the lands in any town in this state for the purpose of making and repairing roads and building bridges in such town, before he enters upon the duties of his office, to give bonds to the committee appointed to superintend the expenditure of such tax, in a sum not less than double the amount of such tax as he may be appointed to collect, passed in 1807, has been in force ever since.  It has been repeatedly held that in the sale of land for

taxes, being a mode of transferring title without the agency of the owner, the proceedings required by the statute are as conditions precedent, and must be strictly followed; and that the party claiming title under such proceedings, must show a compliance with all the provisions of the statute. *Spear* v. *Ditty*, 9 Vt. 282 ; *Bellows* v. *Elliot & Kilburn*, 12 Vt. 567 ; *Isaacs, admr.* v. *Wiley et als.* Ib. 674; *Brown et al* v. *Wright*, 17 Vt. 97 ; and in *Coit* v. *Wells*, 2 Vt. 318, it was decided that the collector must give the bond required by the statute, or his sales would be void. The only question made here, is in relation to the amount for which the bond should have been given. The same question was before the court in *Spear* v. *Ditty, supra*; and the rule there laid down is, that the amount of the tax which the collector is appointed to collect, is the amount of the rate-bill committed to him for that purpose, and that the amount of the tax-bill delivered to him, is the proper criterion from which to determine the amount to be named in the bond which he is required to give. The rate or tax-bill delivered to the collector amounted to $1,042.85 ; and the bond given by him was in the penal sum of $2,000. So that the sale by the collector of this lot was void, and the title still remained in M. D. Barney and those claiming under the deed from David Robinson. This is conclusive against the plaintiff's right of recovery.

And if the collector's sale had been good to convey the legal title to Bacon, it is equally certain upon the facts found by the referee, that the plaintiffs could not recover. In the purchase of the lot, Bacon acted for M. D. Barney, and he held the title as trustee for M. D. Barney. He disclaimed having any interest in the lot. It was a simple or dry trust, and the *cestui que trust* was entitled to the actual possession and enjoyment of the property and control over it, and could call for the legal title ; and if the trustee refused to convey the legal title, a court of equity would decree a conveyance. In suits at law affecting the legal title, the name of the trustee would have to be used as a party ; but in equity, the *cestui que trust* was the owner, and a court of law would protect him in an entry upon and occupation of the property as against a stranger to the title. It has not been claimed

in this court, that the plaintiffs acquired any title by their deed from Ira Mattison.

The judgment of the county court is reversed, and judgment rendered for the defendant.