# ANN E. KANE'S ADM'R *v.* RUSSELL C. AND FRANK GARFIELD.

## *Tax Sale of Land. Tenants in Common. Evidence. Trespass.*

1. TENANTS IN COMMON. TRESPASS. When a town was originally laid out into lots, and all except eight of them were allotted to individual proprietors, and they owned the remainder in common, those who have succeeded to their rights are tenants in common of the lands which were unappropriated; and one of such owners cannot maintain trespass *quare clausum* or trover against his co-tenant for entering upon and removing timber from such lands.

2. TAX SALE COMP. LAWS, CHAP. 90. EVIDENCE. The legislature assessed a tax on the lands in a town for highways and appointed a collector and also a committee to expend the tax. The committee expended the tax; and their account was made out, and sworn to before a justice of the peace and then presented to the judges of the County Court, who after examination allowed it. It appeared from the report made by the judges that they found by the oaths of the committee that they had faithfully expended the tax. The statute (Comp. Laws, chap. 90, s. 3) provided that no account should be allowed unless verified by the oath of one or more of the committee; but no form of oath was prescribed. A portion of the unappropriated land incident to the ownership of lot No. 20, which had been allotted, was sold to satisfy the tax; and the question being as to the validity of the sale; *Held*, that, while the statute, which prescribes the sales of land for taxes, is to be strictly, and perhaps literally, followed, it is to receive a reasonable construction; and where no particular form of doing a thing is pointed out, any mode which effects the object with reasonable certainty is sufficient; and that the presumption is that the committee took such an oath as was required by law; and it also appears from the finding of the judges that the account was properly verified.

3. NOTICE. The committee filed the original account with the clerk of the court instead of a certified copy, as required by the statute; *Held*, that the purpose of the statute was fully answered, in that it is presumed that the account remained on file, and notice of its nature was thereby given to all interested.

Ann E. Kane's Adm'r *v.* Russell C. and Frank Garfield.

4. EVIDENCE, GENERAL OBJECTION TO NOT SUFFICIENT. A general objection made to a referee to all the evidence relating to a land tax sale is not availa. ble as an objection to a certain paper, which, if admissible, tended to prove that the committee gave the required notice of their intention of presenting their account to the court for allowance.

5. REPORT OF JUDGES CONCLUSIVE. But, the report made by the judges, stating that it appeared from evidence before them that the required notices had been given, is conclusive.

6. COLLECTOR'S BOND. The amount of the tax and not the amount of the account which might be allowed, determines how large the collector's bond should be.

7. COLLECTOR. On the facts reported, there was no error in the proceeding of the collector; or in the notice given to the land owners, that they might work out their taxes.

TRESPASS *quare clausum* and trover. Heard on a referee's report, Caledonia County Court, December Term, 1886, POWERS, J., presiding. Judgment *pro forma* for the plaintiff. No question was made about the title of Ann E. Kane's estate to some five and a half lots in the town of Newark. It appeared from the report that the defendants went upon one or more of the eight lots which were not allotted to proprietors by the original allotment of the town, and cut and carried off a quantity of timber.

The committee appointed by the legislature to expend the tax, made oath before a justice of the peace, on November 30, 1857, that their account was true. The following is a copy of the record made by the judges of the County Court.

STATE OF VERMONT, } At a stated session of Cale-
CALEDONIA COUNTY, ss. } donia County Court holden
at St. Johnsbury, within and for said county, on the first Tuesday of December, A. D. 1857, the foregoing account of Newark land tax committee against the proprietors and land owners of said town, having been duly filed in the clerk's office of said county on the first day of said court, agreeably to the statute requirement, and it appearing from evidence before us that said committee had given the notices required by law that they should present said account to us for allowance at the

present term of this court, and no person appearing to object to the allowance of the said account, we proceeded to hear and examine the same, and from the production of the newspapers and other proofs, we find that said committee gave due notice to the proprietors and land owners of said town to pay their respective portions of said tax in labor at the times prescribed by law ; and by the oaths of said committee we find that they have faithfully expended said tax as in said account specified according to law. We do therefore approve of and allow said account at the sum aforesaid of one thousand and seventy-seven dollars and sixty-one cents, said tax being assessed by said committee at one thousand sixty-six dollars.

LUKE P. POLAND,     ⎫   Judges of
JAMES D. BELL,     ⎬ Caledonia County
CHARLES C. NEWELL,    ⎭     Court.

The referee found as to the notice to the land owners :

" The Newark town records show record of the committee's notice to persons owning land to pay the taxes assessed to them in money or to work out the same in the months of June or July. Also certificate of the town clerk that the notice of said committee was published in the Vermont Watchman, Vermont Patriot, and the Caledonian, three weeks successively, two of said publications being in each paper in the month of March and one in the month of April, A. D. 1857, which certificate of said town clerk, after simply stating that this notice of the committee was published as aforesaid, closes thus : ' All which nine papers, each paper containing the above advertisement, have this 10th day of March, A. D. 1858, been presented to me by Henry Dolloff for record, and a true copy made by me and carefully examined.

Attest,      LAUREN M. SLEEPER, Town Clerk.' "

" The certificate of the town clerk as to these notices does not show that the advertisements were copies of the original notices, but simply that the above was published, ' the above ' being the record of the notice.

" The defendants put in evidence the copies of the Vermont Patriot, Vermont Watchman and Caledonian, showing the notices of the committee to work out their land tax."

The referee also found as to the proceedings of the collector, after quoting sections 6, 9 and 12 of chapter 90, Compiled Laws, whereby the collector was to give bonds, &c. ; was to cause his warrant and return of his proceedings to be recorded in the office for recording deeds, &c. ; and the lands sold could be redeemed within one year, as follows :

" The sale was made on the 31st day of March, 1858. The only evidence of compliance with the requirements of section 12th, that a list of lands not redeemed be recorded, &c., is the following record.

'STATE OF VERMONT    ⎰ Newark, April 27, 1859.
CALEDONIA COUNTY, ss. ⎱

' The following is a true list of all the lands which were not redeemed from Hiram Moulton's vendue sale at Newark, in the County of Caledonia, in said State, on the 31st day of March, A. D. 1858, for the sale of lands in said Newark, for the payment of a tax of five cents per acre on all the taxable lands in said town of Newark, assessed by the legislature of said State, in the year 1856 for the purpose of making and repairing roads and bridges in said town.'

Then follows a list of the lands not redeemed and sold at vendue, among which is twelve acres sold to A. P. Taft, of undivided portion incident to the ownership of the lot drawn to the original right of Jabez Gorham.

Following this is the collector's certificate, thus :

' I hereby certify that the several rights and parts of land described in the foregoing list were sold at said vendue for the payment of said tax to the several persons described as purchasers, and was not redeemed from said sale by any person or persons before the 30th day of March, A. D. 1859.
          Attest,                HIRAM MOULTON, Collector.' "

Moulton, the collector, executed his deed to Taft, April 6, 1859 ; and the cutting of timber, complained of, was done in the years 1881-2-3. The other facts are sufficiently stated in the opinion of the court,

Kane's Adm'r *v.* Garfield.

*Bates & May*, for the defendants.

The land sale was correctly conducted. The objection that a certified copy of the account was not filed with the clerk of court, is of no importance. The proof is sufficient, that the committee posted notices of their intention to present their account for allowance. *Brown* v. *Hutchinson*, 11 Vt. 569; Wade, Notice, s. 1084. The oath of the committee need not appear of record. *Brown* v. *Hutchinson, supra.* The record of Newark shows a legal notice to the land owners. *Spear* v. *Ditty*, 8 Vt. 419; *Taylor* v. *French*, 19 Vt. 49; *Wing* v. *Hall*, 47 Vt. 182. A different certificate appeared in *Clark* v. *Tucker*, 6 Vt. 181. The last clause of the document filed April 27, 1859 (list of unredeemed lands) is clearly a clerical error and was not demanded by law. The collector's bond was legal. *Spear* v. *Ditty*, 8 Vt. 419.

The courts of Vermont and New Hampshire have plainly taken a new departure in reference to tax titles. *Wing* v. *Hall, supra; Wells* v. *Austin*, 10 At. Rep. 405; s. c. 59 Vt. 157; *Cahoon* v. *Coe*, 57 N. H. 556; *Isaacs* v. *Wiley*, 12 Vt. 674.

*Geo. W. & Geo. C. Cahoon* and *A. F. Nichols*, for the plaintiff.

It is a condition precedent to the passing of any title by a tax collector's deed, that all the proceedings of the officers, should be in strict and literal compliance with the requirements of the statute. *Judevine* v. *Jackson*, 18 Vt. 470; *Sumner* v. *Sherman*, 13 Vt. 609; *Chandler* v. *Spear*, 22 Vt. 388; *Spear* v. *Ditty*, 9 Vt. 282; *Brown* v. *Wright*, 17 Vt. 97; Rob. Dig. p. 668; Blackw. T. T. p. 34. Such deed is not even *prima facie* evidence of a legal sale. *Powell* v. *Brown*, 1 Tyler, 285. A tax deed without proof of every essential prerequisite is void. *Richardson* v. *Dow*, 5 Vt. 9; Blackw. T. T. p. 39.

The vendue sale of twelve acres to Taft does not give him any title. The first section of chap. 90 of the Compiled Laws was not literally complied with. The second section was wholly disregarded; and so was the third section, requiring the oath of the committee. In sessions matters the facts which are indisputable to the jurisdiction of the court must appear upon the face of the proceedings. *Hewes* v. *Andover*, 16 Vt. 510. No title passes under a land tax deed, unless the account of the committee has been approved by the County Court as required by statute. *Wing* v. *Hall*, 47 Vt. 182.

The approval of the account of the committee with the oath "that the labor was faithfully done" &c., was a condition precedent. *Wing* v. *Hall, supra.* Consent cannot confer jurisdiction when it is not given by law; and when the want of jurisdiction appears upon the face of the proceedings, the judgment is void. *Glidden* v. *Elkins,* 2 Tyler, 218; *Thayer* v. *Montgomery*, 26 Vt. 491.

The provisions of the statute as to giving notice to the land owners were not complied with. *Judevine* v. *Jackson*, 18 Vt. 470; *Coit* v. *Wells*, 2 Vt. 319. The collector did not give a legal bond. It cannot be presumed that the tax to be collected was less than the sum allowed by the court. The amount of the bond is determined by the amount of the rate-bill delivered to the collector. Such a bond as the statute requires, is indispensable to pass title. *Oatman* v. *Barney*, 46 Vt. 594; Rob. Dig. 671; Cases, *supra*. The collector failed entirely to comply with the provisions of sections 6 and 9. He makes a return that the twelve acres sold Taft, on the 31st day of March, 1858, were not redeemed by any one before the 30th day of March, 1859,—twenty-four hours before the time of redemption expired. *Giddings* v. *Smith,* 15 Vt. 344; *Bigelow* v. *Topliff*, 25 Vt. 284; *Wing* v. *Hall, supra*; Rob. Dig. 670 s. 168.

The opinion of the court was delivered by

ROYCE, Ch. J.    This was an action of trespass *quare clausum* and trover, and was heard on the report of a referee.

The town of Newark was laid out into seventy-eight lots; sixty-five were allotted to individual proprietors, and eight were unappropriated and were owned in common by the proprietors.   The plaintiff's intestate owned five and one-half of the lots that were allotted to the proprietors.   The trespasses complained of were committed upon some portion of the unappropriated land.

It is not now claimed that the defendants acquired any title by virtue of the deed from the Mowreys and Cahoon, executed April 8, 1850 ; but they base their right upon the vendue deed executed by Hiram Moulton, as collector of the tax voted by the legislature of the State at its session in the year 1856 to Andrew P. Taft, Taft having by his deed conveyed the land so conveyed to him by Moulton to the defendant Frank Garfield, March 1, 1883.

The legislature, at its session in 1856, assessed a tax of five cents an acre on all the lands in Newark except public lands, for the purpose of repairing roads and building bridges, and appointed Henry Dolloff, Robert Moulton and Lauren M. Sleeper a committee to expend said tax, and Hiram Moulton collector.   A tax of $14.95 was assessed on lot No. 20, drawn to the original right of Jabez Gorham, and a tax was assessed upon thirty-three acres of the undivided land, as incident to the ownership of lot No. 20.   Twenty-one acres of said thirty-three were redeemed, and the tax on the remaining twelve not being paid, said Moulton sold the same at vendue to Andrew P. Taft for $1.29, and executed a collector's deed of the same to him April 6, 1859.

In *Spear* v. *Ditty*, 9 Vt. 282, it was said that sales of land for taxes are proceedings *in invitum*; that it is a mode of

transferring title by operation of law, without the agency of the owner, and that the proceedings are, as conditions precedent, to be strictly, perhaps literally, followed. In *Chandler* v. *Spear*, 22 Vt. 388, that when the statute under which such a sale is made directs a thing to be done, or prescribes the form, time or manner of doing anything, such thing must be done in the time, form and manner prescribed, or the sale will be invalid. But in determining what is required to be done, the statute must receive a reasonable construction; and where no particular form or manner of doing a thing is pointed out, any mode which effects the object with reasonable certainty is sufficient. And in judging of these matters the court is to be governed by such reasonable rules of construction as direct them in other cases.

These rules have ever since been cited with approval by this court in cases where the validity of such sales has been in question, and are to be observed in the consideration of the objections which have been made to the title of the defendant.

The first objection to the validity of said sale is based upon the requirements of section 1 of chapter 90 of the Compiled Laws, under which the sale was made. That section provides that no lands liable to the payment of taxes shall be exposed to sale for the payment of such taxes, until a fair and correct account of the labor of the committee appointed to expend the same shall have been made out by the committee and presented to the judges of the County Court in the county in which the land is situated, and has been approved by them; and the clerk of the County Court is required to record said accounts. It is claimed that the report of what was done by the committee in this case was not a compliance with the requirements of said section. It appears that such an account was made out and sworn to by the committee, and was filed by the clerk on the first day of a regular term of Caledonia County Court, and was presented to the judges of said court at a term of said court holden on the first Tuesday of December, 1857; and

Kane's Adm'r *v.* Garfield.

that said judges, after a full examination of said account, approved and allowed the same at the sum of $1,077.61. A full report of the doings of said judges was made out and signed by them, and that, with the report of the committee was entered by the clerk of said court in the book in which the records of the current judgments were made, and was duly attested by said clerk as a true record.

It is claimed that said judges had no right to approve of and allow the account presented to them, for the reason that it was not verified in the manner prescribed by section 3 of said chapter 90. That section provides that no articles of account shall be allowed by the judges unless they shall be satisfied by the oath of one or more of the committee that the labor was faithfully done and performed, agreeably to the account which they exhibit. It appears here that the account of this committee was sworn to before its presentation to the judges. No form of oath is prescribed, and the presumption is that they took such an oath as was required by the law under which they were acting. It further appears by the report made by the judges, that they found by the oaths of the committee that they had faithfully expended said tax, as in said account specified, according to law; so that, in our judgment, the account was properly verified.

Section 2 of said chapter requires that all such committees shall leave a certified copy of their accounts, with all the items in detail, with the clerk of the court, to which their accounts shall be presented for allowance, on or before the first day of the term, which accounts shall remain on file in said clerk's office. The obvious intention of that requirement was as a notice to all interested of the nature and kind of account that was to be presented for allowance. That purpose was fully answered by the filing of the original account at the time re-

quired, and it having been filed, the presumption is that it remained on file ; so the failure to file a certified copy would not invalidate the proceedings.

Section 2 of said chapter requires that the committee should give notice of their intention to present their account for allowance by posting up notices of their intention at least twelve days before the sitting of the court at which the same was to be presented. The paper found among the papers of Henry Dolloff relating to this land tax sale, and which is copied into the report, had a tendency to show that such notices were posted, if admissible. It must be treated as having been put in without objection. At the hearing, defendant's counsel asked the plaintiff's counsel to point out all the objections they should urge before the court, and no specific objection was made to that piece of evidence. Under such circumstances the general objection made to all the evidence relating to the land tax sale would not be available. The judges, in the report made by them, say that it appeared from evidence before them that the notices required by law had been given by the committee. The duty of ascertaining whether proper notices had been given was imposed upon the judges by the law, and the finding that they had been given was a condition precedent to their right to examine and approve the account, and allow the same, and their finding must be regarded as conclusive.

By section 4 the committee were required to notify the land owners in the manner therein stated that they might work out their respective taxes by applying to the committee. The facts found by the referee show that such notice was given as was required by said section.

The bond which the collector, by section 9, was required to give, was in a sum not less than double the amount of the tax that he was appointed to collect. The amount of the tax was $1,066., and the bond given was for $2,150.—an amount more

than double the amount of the tax. The amount for which the bond was to be given was to be ascertained from the tax, and not from the account that might be allowed by the judges of the County Court, and was sufficient. *Spear* v. *Ditty*, 8 Vt. 419.

The remaining objection was to the proceedings of the collector, as defined by the act. His warrant, return of proceedings, list of unredeemed lands and certificate of the oath taken by him, were all seasonably recorded ; and we do not find any such defect in his proceedings as would invalidate the sale. Jabez Gorham was an original proprietor of the town, and the twelve acres sold by the collector belonged to his proprietary right, and the sale being a regular one, Taft acquired a valid title under it. The unappropriated land had not been divided, and so Taft by his purchase became a tenant in common with the plaintiff's intestate.

The defendant Russell C. was an employee of the defendant Frank, and what cutting of timber on said land was done prior to the execution of the deed from Taft to Frank, was done by the consent of Taft. The parties being tenants in common of the land, the plaintiff cannot maintain the action of trespass or trover against the defendants for entering upon the land and doing what it was found was done by them.

The judgment is reversed, and judgment rendered for the defendants.