## Brooke Lockwood v. Paul Bougher

[488 A.2d 754]

No. 83-402

Present: **Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed January 11, 1985

*Martin & Paolini, P.C.*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant Bougher, a sublessee of plaintiff Lockwood, appeals a judgment of $445 awarded against him by the small claims court. Plaintiff alleged liability for unpaid rent, electricity, telephone and cordwood. The court found defendant liable for $330 for one and one-half month's rent and $165

for electricity, less $50 for payment on account. A $40 offset, claimed by defendant for repair of a wood stove, was not allowed by the court.

On appeal, defendant briefs three issues: (1) that plaintiff committed fraud by inducing defendant to enter into the lease agreement by making certain false representations concerning the use of the premises during the term of the lease, (2) that defendant's claim for recoupment was not considered by the court, and (3) that plaintiff did not meet her burden of proof as to the amount of rent and electricity owed by defendant. We disagree with defendant's claims and affirm.

■ With respect to the first issue, defendant neither pleaded nor presented to the court by way of evidence any claim of fraud. Issues not raised below will not be considered on appeal. *Hall* v. *Miller*, 143 Vt. 135, 139, 465 A.2d 222, 224 (1983). The issue of fraud is not properly before this Court.

■■ Secondly, defendant contends the court failed to consider his claim of $40 for repair of the wood stove, his expenses for cleaning the apartment in preparation for a holiday sublessee of plaintiff, and expenses for heat and electricity used by plaintiff during certain times she allegedly stayed in the apartment during defendant's tenancy. With respect to the claimed expenses for cleaning and for the use of heat and electricity by plaintiff, defendant presented no evidence of the amount of damages he allegedly suffered. Accordingly, defendant having failed to meet his burden of proof, the court could make no allowance for such claims. See, e.g., *Conover* v. *Baker*, 134 Vt. 466, 471, 365 A.2d 264, 268 (1976). As to the $40 repair claim, this is but one of several claims by each party disallowed by the court. Plaintiff's claims for $66.42 for electricity used by defendant for the period November 20 through December 23, 1981, $13.71 for telephone expense, and $75 for one cord of wood used by defendant were likewise disallowed. When the court first announced its decision, defendant's counsel called the court's attention to defendant's claim for the stove repair, together with defendant's claim for an offset for $50 that defendant had previously paid. The court immediately credited defendant with the $50 payment, but made no allowance for the repair claim. We conclude that the court did in fact consider the repair claim, but rejected it.

Finally, as to the contention that plaintiff failed to meet her burden of proof, when the evidence is conflicting, as it was here, the credibility of witnesses, the weight of the evidence, and its persuasive effect are matters for the exclusive determination of the trier of fact. *Gilbert* v. *Davis*, 144 Vt. 459, 461, 479 A.2d 159, 160 (1984). The ruling of the court must stand if there is credible evidence to support it, even though there may be substantial evidence to the contrary. *Id.* The record reveals that there is credible evidence to support the court's decision and that plaintiff did meet her burden of proof.

*Affirmed.*