### Angela Roy v. Perry Poquette d/b/a Perry's Excavating and John H. Stuart d/b/a J. H. Stuart Associates

[515 A.2d 1072]

No. 84-145

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 14, 1986

*Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Plaintiff-Appellee.

*Daniel S. Triggs*, Milton, for Defendant-Appellee.

*Robert P. Davison, Jr.*, Stowe, for Defendant-Appellant.

**Allen, C.J.** Defendant John H. Stuart d/b/a J.H. Stuart Associates (Stuart) appeals from a judgment for damages resulting from the failure of plaintiff's mound septic system. Stuart also appeals the dismissals of his cross-claim and counterclaim. We affirm.

Stuart's primary claim of error is directed at the court's finding that he had contracted to supervise the work of defendant Perry Poquette d/b/a Perry's Excavating (Perry's), who did the site preparation work for the septic system. Stuart contends that he contracted only to design the system and to certify its conformity with state regulatory requirements. He asserts that the plaintiff and her husband assumed the role of supervisors of the on-site construction.

The court's finding that Stuart contracted to supervise the project is fairly supported by reasonable and credible evidence. Plaintiff was informed by representatives of the State Agency of Environmental Conservation that the Agency required that the construction of plaintiff's septic system be supervised by a registered, professional engineer. Plaintiff and her husband testified that Stuart's contract with plaintiff called for Stuart to supervise the construction of the project. Keeping in mind that the persuasive effect of evidence and the credibility of witnesses are for the trier of fact to determine, *Darken* v. *Mooney,* 144 Vt. 561, 568, 481 A.2d 407, 412 (1984), the court's finding that Stuart contracted to supervise the project is adequately supported. The finding of a duty to supervise, coupled with other findings made by the court, supports the court's conclusion that Stuart's breach of this duty was the proximate cause of plaintiff's damages.

The court's dismissal of Stuart's cross-claim against Perry's was also proper. Stuart does not contend that Perry's expressly agreed to indemnify Stuart for damages resulting from his failure to supervise, and the circumstances are not such that the law will imply that Perry's undertook an obligation to indemnify. See *Murray* v. *J & B International Trucks, Inc.,* 146 Vt. 458, 467,

508 A.2d 1351, 1357 (1986). Plaintiff contracted with Perry's to construct the system, and, independently, with Stuart to supervise Perry's work. Stuart alone assumed the responsibility of supervision; Perry's agreed only to construct the system. The court expressly found that "the proximate cause of the system's failure was Stuart's failure to supervise the project and instruct Perry's to avoid disturbance of the recovery area." Under these circumstances, there is no basis to imply that Perry's undertook an obligation to indemnify Stuart for the damages resulting from Stuart's failure to supervise.

Defendant also contends that the court erred in setting aside without a hearing the default judgment entered in defendant's favor on its counterclaim. The net amount of the counterclaim was for services performed by the defendant to fix the damage to the septic system. This question need not be addressed, for as the trial court concluded, even if the default judgment were allowed to stand, the plaintiff would be entitled to recoup any amount awarded to the defendant. This amount was incurred as the result of defendant's breach and recoverable in any event by the plaintiff from the defendant, in view of defendant's sole liability for the damage.

■ Defendant contends finally that the court erred in failing to reduce the estimated cost of repair in accordance with testimony offered at trial. Testimony was given in support of both the figure arrived at by the court and the figure offered by the defendant. The trial court's resolution of conflicting evidence is accorded great deference on appeal. *Lockwood* v. *Bougher,* 145 Vt. 329, 331, 488 A.2d 754, 755 (1985). This is especially true when the evidence concerns damages, where the finder of fact has the "liberty of broad discretionary judgment." *Kerr* v. *Rollins,* 128 Vt. 507, 510, 266 A.2d 804, 806 (1970). Defendant has not demonstrated that the trial court abused its discretion.

*Affirmed.*