# Geraldine Lawrence v. Bernard Pelletier and Albertine Pelletier

[572 A.2d 936]

No. 88-368

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed March 2, 1990

*Farrar & Counos, P.C.*, and *Michael Rose*, St. Albans, for Plaintiff-Appellee.

*David W.M. Conard* of *Miller, Eggleston & Rosenberg, Ltd.*, Burlington, for Defendant-Appellant.

Allen, C.J. Defendant Bernard Pelletier appeals from the judgment of the Franklin Superior Court that plaintiff Geraldine Lawrence acquired title by adverse possession to two parcels of property fronting St. Albans Bay in Georgia, Vermont. We affirm in part and reverse in part.

Plaintiff commenced this action in September, 1986 against defendant and his aunt, Albertine Pelletier, as heirs of Joseph T. Pelletier (J.T. Pelletier), the subdivider of a number of lots on the Georgia shore, including the lots in question.

In the 1930s, J.T. Pelletier began subdividing the portion of his farm that bordered the lake to the west. Most of these lake-shore lots contained approximately 50 feet of lake frontage and extended 25 feet back from the lake. An unimproved farm road bounded the lake-shore lots on the east and provided access to the lots from the Georgia Shore Road (main highway). Over the

years, J.T. Pelletier leased and subsequently sold a number of these lots. In the 1960s he relocated the unimproved road 50 feet to the east, thereby making the lake-shore lots approximately 75 feet deep.

Plaintiff and her husband Gerald (the Lawrences) purchased a summer cottage located on one of J.T. Pelletier's 50' by 25' lake-shore lots in 1954. The Lawrences entered into a five-year lease of the lot with J.T. Pelletier. The lease contained an option to purchase the underlying property and specified a purchase price of $700.

Plaintiff claimed that in 1959, on behalf of the Lawrences, her brother, Gus Cross, purchased from J.T. Pelletier the 50' by 25' lot underlying the cottage (first parcel) for $700. Plaintiff also alleged that in 1965, after the unimproved road had been relocated, Gus Cross bought on the Lawrences' behalf the 50' by 50' lot (second parcel) located between the road and the first parcel for $500. The combination of the two parcels provided plaintiff with a lot that measured 50' by 75' in total.

These purchases took place in the Cross Brothers' Store in St. Albans Bay with only Gus Cross, his wife Mary Cross, and J.T. Pelletier present. No deeds were executed or delivered. For each transaction, however, J.T. Pelletier wrote and signed a receipt for the property on the back of a grocery slip, which the Crosses placed with their records. A fire at the Cross Brothers' Store subsequently destroyed the receipts. Gerald Lawrence, Gus Cross, and J.T. Pelletier are now deceased.

Plaintiff alleged that she owned the subject property by purchase or by adverse possession. The trial court issued findings of fact and concluded plaintiff had occupied the disputed parcels in a continuous, open, notorious, and hostile manner in excess of the statutory period and thereby acquired title by adverse possession. The judgment included with the title to the property a right-of-way over the farm road to the main highway to be used in common with other camp site users.

## I.

Defendant asserts that the trial court permitted proof by parol evidence of the two transactions at the Cross Brothers'

Store in violation of the Statute of Frauds, 12 V.S.A. § 181.[1] Both plaintiff and her sister-in-law, Mary Cross, testified over the timely objection of defense counsel to the nature and circumstances of the transactions between Gus Cross and J.T. Pelletier. Defendant argues that the trial court failed to make findings as to any equitable considerations necessary to remove the case from the operation of the Statute of Frauds. Therefore, the court erred by relying on this testimony to find that Gus Cross purchased the properties for plaintiff from J.T. Pelletier. We disagree.

■ ■ "The term *contract for sale* covers any agreement that contains a promise to create or transfer an interest in land." E. Farnsworth, Contracts § 6.5, at 398 (1982) (hereinafter Farnsworth). See *Traiman v. Rappaport*, 41 F.2d 336, 338 (3d Cir. 1930) ("The statute applies to equitable as well as to legal estates."). While "[t]he promised creation or transfer may be by any means, including deed or will, [the] interests created by operation of law, as distinguished from agreement of the parties, are not included." Farnsworth, § 6.5, at 398. Under the doctrine of adverse possession, the court transfers title to the property by operation of law. The trial court properly admitted parol evidence concerning the transactions between Gus Cross and J.T. Pelletier to establish why plaintiff stopped paying rent and hence when plaintiff's use of the property became adverse. See *Oatman v. Barney*, 46 Vt. 594, 598 (1874) (in an action to prove adverse possession by color of title, parol evidence of contents of lost deed admissible to show extent and character of the possession of the grantees and those claiming under them).

## II.

Defendant also challenges the sufficiency of the trial court's findings of fact. Specifically, defendant argues that the court's

---

[1] The Statute of Frauds provides that a party shall not bring an action at law concerning a contract for the sale of land, tenements, or hereditaments, or of an interest in or concerning them "unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." 12 V.S.A. § 181.

findings are devoid of evidentiary support and so incomplete and conflicting as to render them deficient as a matter of law. We disagree.

When reviewing the sufficiency of the evidence to support a trial court's findings, this Court must review the evidence in a light most favorable to the prevailing party and exclude the effect of any modifying evidence. *A. Brown, Inc. v. Vermont Justin Corp.*, 148 Vt. 192, 194, 531 A.2d 899, 901 (1987). When evidence conflicts, the credibility of witnesses, the weight and sufficiency of evidence, and its persuasive effect are matters accorded to the exclusive determination of the trier of fact. *Lockwood v. Bougher*, 145 Vt. 329, 331, 488 A.2d 754, 755 (1985). If the record contains any credible evidence that fairly and reasonably supports the findings, the trial court's ruling must stand even though inconsistencies or substantial evidence to the contrary may exist. *Id.*

To satisfy the test for adverse possession, the possession must be open, notorious, continuous, and hostile for the full statutory period of fifteen years.[2] *Thibault v. Vartuli*, 143 Vt. 178, 181, 465 A.2d 248, 250 (1983). "[W]here an original use, or possession, is by virtue of permission, it does not become adverse until there is a repudiation or disclaimer, either made known expressly to the owner or clearly indicated by unequivocal actions." *In re Estate of Smilie*, 135 Vt. 217, 220, 373 A.2d 540, 543 (1977). With respect to the first parcel, the trial court found that in 1959 Gus Cross purchased the parcel from J.T. Pelletier in the name of the Lawrences and thereafter plaintiff believed she owned the land underlying the cottage. This "purchase," of which J.T. Pelletier as a participant had notice, served as a repudiation of plaintiff's continued permissive use, satisfied the necessary hostility aspect of plaintiff's adverse possession claim, and triggered the running of the statutory period. Although it would have been better practice for the court to have specifically determined when the statutory period

---

[2] "[A]n action for the recovery of lands, or the possession thereof, shall not be maintained, unless commenced within fifteen years after the cause of action first accrues to the plaintiff or those under whom he claims." 12 V.S.A. § 501.

began to run, it did not commit reversible error by failing to do so. See *Darling v. Ennis*, 138 Vt. 311, 314, 415 A.2d 228, 230 (1980).

■ The court made findings regarding the remaining elements of adverse possession. The court found that plaintiff used the cottage and underlying land as a summer residence every summer since the time she believed she owned it through and including the summer of 1980. The court detailed the open and notorious acts of the Lawrences, such as the replacement of the septic system, construction of a retaining wall and stairway, and nonpayment of any rent that gave notice to J.T. Pelletier. Defendant correctly asserts that the court labeled some conclusions of law as findings of fact. The mislabeling of a conclusion of law, however, does not warrant reversal where other facts provide sufficient support for the court's conclusion. *Burr v. Burr*, 148 Vt. 207, 211, 531 A.2d 915, 918 (1987). The court rendered sufficient findings for each element of an adverse possession cause of action. The record contains credible evidence to support each of the trial court's findings. Therefore, we affirm the court's conclusion that plaintiff's continuous, open, notorious, and hostile use and occupancy of the first parcel exceeded the requisite fifteen-year period.

Defendant argues with respect to the second parcel that the trial court made findings so inconsistent as to require reversal. As with the first parcel, the "purchase" of the second parcel put J.T. Pelletier on notice that plaintiff's use was no longer permissive and thereby satisfied the hostility requirement. However, the determination of when the second transaction occurred is crucial to the court's conclusion that plaintiff adversely possessed the property in excess of fifteen years because the court found continuous use of the parcel through 1980.

The record contains conflicting evidence regarding whether Gus Cross purchased the second parcel in 1965 or 1969. The court found that Gus Cross purchased the second parcel for plaintiff from J.T. Pelletier in 1969 and, from this time, J.T. Pelletier had actual notice of plaintiff's claim of ownership. The court, however, made numerous additional findings that indicate the transaction occurred in 1965. The court determined

that: plaintiff orally leased the second parcel from approx-
imately 1960 to 1965; plaintiff believed she owned and continu-
ously used the second parcel since 1965; from that time plaintiff
had paid the real estate taxes on the property[3] and paid rent to
no one; and from 1965 on, J.T. Pelletier knew of the open, noto-
rious, and hostile nature of plaintiff's use of the land.

■■ It is the duty of this Court "to look for all reasonable
inferences to support the result reached if it can reasonably do
so." *Timney v. Worden*, 138 Vt. 444, 445, 417 A.2d 923, 924
(1980). An inconsistency exists regarding the purchase of the
second parcel and hence the start of statutory period. However,
when the findings are read as a whole, it is clear the court con-
sidered 1965 to represent the starting point for all the elements
of plaintiff's adverse possession of the second parcel. The flaws
produced in this case do not place the findings in true substan-
tive conflict or make them unsupportive of the judgment. The
record also contains ample support for the findings necessary to
sustain the court's conclusion that plaintiff adversely possessed
the second parcel for the requisite period.

## III.

■ Lastly, defendant argues that the trial court's judg-
ment that plaintiff acquired title to a right-of-way from the sub-
ject property to the main highway is clearly erroneous because
it is not supported by any finding or evidence. In its judgment,
the trial court described the real estate acquired by adverse
possession and included "a right-of-way over the unimproved
road, extending along the easterly boundary of said lot, from
said camp site to the main highway, said right-of-way to be used
in common with other camp site users." The court heard evi-
dence concerning the road's function as a boundary to the sub-
ject properties and plaintiff's testimony indicated that she
gained access to the properties via the unimproved road. How-
ever, no evidence was presented on plaintiff's entitlement to a
right-of-way because this issue was not raised in the pleadings

---

[3] While not an act of possession, payment of taxes on a disputed piece of prop-
erty by an alleged adverse possessor is evidence of a claim of right. *Deyrup
v. Schmitt*, 132 Vt. 423, 427, 321 A.2d 42, 45 (1974).

or tried by consent before the court. The trial court made none of the findings of fact necessary to justify its conclusion that plaintiff had adversely acquired a right-of-way, and therefore its judgment on this point must be set aside. *Community Feed Store, Inc. v. Northeastern Culvert Corp.*, 151 Vt. 152, 154–55, 559 A.2d 1068, 1069–70 (1989).

*The trial court's order with respect to plaintiff's acquisition of the 50' by 25' and 50' by 50' parcels is affirmed. The court's inclusion in its judgment of a right-of-way over the unimproved road from the subject properties to the main highway is reversed and remanded.*

*Because access to the land and its location is critical to the complete resolution of plaintiff's cause of action, the matter is remanded with leave to plaintiff to amend her complaint regarding such access should she be so advised, and for a hearing on this request.*