## Geoffrey Steinfeld v. Jeremy Dworkin, Esq.; John Waite, Realtor; Dwell, Inc.

[515 A.2d 1051]

No. 85-175

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 20, 1986

Motion to Reargue Denied August 22, 1986

*George W. Lamb* and *Agnes S. Hughes*, Law Clerk (On the Brief) of *Parker, Lamb & Ankuda, P.C.*, Springfield, for Plaintiff-Appellant.

*Karen Miller* of *Dick, Hackel & Hull*, Rutland, for Defendant-Appellee.

**Per Curiam.** Plaintiff, in an action against his former attorney, appeals the entry of judgment based on an allegedly unauthorized settlement agreement. We affirm.

Plaintiff employed defendant, Jeremy Dworkin, as counsel for the purchase of land in Londonderry. As a result of defendant's conduct in connection with this matter, plaintiff sued defendant for damages arising out of an alleged violation of defendant's fiduciary duty. Plaintiff's attorney in the present action accepted an offer of settlement, and defendant thereafter moved for entry of judgment in accordance with the proposed settlement. Plaintiff

opposed entry on grounds that his attorney had been authorized to settle only if a co-plaintiff also settled on the same terms. After a hearing on the motion, the trial court determined that the settlement was reached with the consent of both parties, and entered judgment.

The principal issue on appeal is plaintiff's claim that his attorney in the present action should not have been permitted to testify below concerning their settlement discussions because of the attorney-client privilege. He asserts that the testimony violated both the letter and the spirit of V.R.E. 502(b), which states as follows:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer, or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

Plaintiff argues that he alone could have waived the attorney-client privilege, not an adverse party, and that he made known his objection to the testimony below. While conceding that V.R.E. 502(d)(3) establishes an exception where a communication is relevant to a dispute between a client and an attorney, plaintiff contends that in the present case there was no dispute between the attorney and the client, but rather between the plaintiff and the defendant. Plaintiff is not correct that attorney-client disputes are the only exception to the testimonial privilege. While the question has not been directly addressed in Vermont, authorities in other states are universal in holding that where an attorney's authority to settle is at issue, the privilege may not be raised. *Willard C. Beach Air Brush Co.* v. *General Motors Corp.,* 118 F. Supp. 242, 244 (D.N.J. 1953), *aff'd,* 214 F.2d 664 (3d Cir. 1954); *Airtex Land Co.* v. *Baker,* 14 Ariz. App. 266, 277, 482 P.2d 875, 886 (1971); *Peters* v. *Wallach,* 366 Mass. 622, 627, 321 N.E.2d

806, 809 (1975); *Koeber* v. *Somers,* 108 Wis. 497, 503-04, 84 N.W. 991, 993 (1901). Some courts have explained this result as coming within the larger exception to the attorney-client privilege for communications to third parties. *Peters* v. *Wallach, supra,* 366 Mass. at 627, 321 N.E.2d at 809. While that explanation is plausible, since settlement terms are specifically designed to be communicated to other parties in a litigation, we think an equally sound rationale is that a party attacking his own attorney's authority to settle impliedly waives the privilege as to the very matter he puts in issue. It would work an extreme hardship on other litigants and on the court if a party could, at the same moment, assert the lack of authority to settle and yet prevent facts bearing on that authority from coming into evidence. The trial court's ruling was correct.

The only other issue remaining is whether the evidence below supported the judge's determination that settlement was authorized. Plaintiff maintained that he instructed his attorney not to settle unless a co-plaintiff agreed to a settlement offer. Plaintiff's attorney testified below that he had the authority to enter the settlement. Plaintiff does not assert that the court's finding to this effect was clearly erroneous or without reasonable basis. His argument with respect to the attorney's testimony was limited to asserted violations of the attorney-client privilege. Most importantly, a review of the transcript reveals that the testimony of plaintiff's original attorney amply supported the trial court's determination of fact.

*Affirmed.*