## Lawrence Plourde v. Sharron Smith, et al.

[557 A.2d 883]

No. 88-004

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed December 30, 1988

Motion for Reargument Denied February 2, 1989

*William M. O'Brien*, Winooski, for Plaintiff-Appellee.

*Sharron Anne* and *J. Richard Smith, pro se*, Northfield, Defendants-Appellants.

**Dooley, J.** Defendants Sharron Smith and Richard Smith appeal from the final order of November 19, 1987 granting permanent custody of defendant Sharron Smith's son, Lance Plourde, to his natural father, plaintiff Lawrence Plourde. We remand for further proceedings.

On May 22, 1987, Lawrence Plourde brought a petition for child custody pursuant to 15 V.S.A. §§ 1032, 1042. A temporary order was issued on July 28, 1987, after hearing. The order left custody of the child, then 15 years old, with defendants and established a visitation schedule. Thereafter, a guardian ad litem was appointed to represent the minor child and to make a recommendation to the court on which parent should have custody. The guardian ad litem reported on October 28, 1987.

A hearing was scheduled for October 29, 1987, in Washington Superior Court, at which defendants appeared and were represented by counsel. No testimony was taken on that date; instead the trial judge interviewed the minor child, who stated a preference to reside with the plaintiff. The docket entries for the date of the hearing indicate that the matter was settled "with stipulation and order to be filed."

Defendants entered their appearance pro se on November 3, 1987. On November 6, 1987, they filed a motion stating that they had not authorized a permanent settlement agreement on October 29 and that they wanted certain conditions in a new temporary order. The motion does indicate that they consented to the child's temporary residence with plaintiff. The trial court nonetheless entered a final order on November 19, 1987, awarding custody of the minor child to plaintiff. The final order is based on the report of the guardian ad litem, the representations of counsel and the statement of the child but makes no mention of a "settlement" agreement. The docket entries indicate that defendants' November 6 motion was denied as moot.

The November 6 motion raised directly the authority of defendants' lawyer to represent that the matter was settled. Although the motion came before entry of judgment and was inartfully drawn by the pro se defendants, it was the equivalent of a V.R.C.P. 60(b) motion seeking relief from the judgment to which they had purportedly stipulated.

An attorney may not settle a case without his or her client's permission. *New England Educational Training Service, Inc.* v. *Silver Street Partnership,* 148 Vt. 99, 102, 528 A.2d 1117, 1119 (1987) (attorney is without authority to dismiss a case with prejudice or settle a case without his or her client's permission). In order to determine whether defendants' attorney had the authority to settle the custody issue, and to determine whether a settlement was in fact entered into, the trial court should have held a hearing on defendants' motion. See *West* v. *West,* 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981); see also *Steinfeld* v. *Dworkin,* 147 Vt. 341, 343, 515 A.2d 1051, 1052 (1986). The failure of the trial court to do so in response to the November 6 motion was error.

We therefore remand the cause for a hearing to determine whether defendants had authorized their then-attorney to enter into a settlement agreement to determine custody of the minor child. Because defendants agreed that temporary custody would remain with plaintiff, there is no reason to vacate the judgment order of November 19, 1987, pending the resolution of the factual dispute surrounding the settlement agreement.

If the trial court finds that defendants did not authorize the settlement of the custody case, then a full hearing must be held to resolve plaintiff's dispute for custody.

*Remanded for proceedings not inconsistent with this opinion.*