**Gregory and Patricia SMITH v. John OSMUN**

[676 A.2d 781]

No. 94-527

March 8, 1996. Defendant John Osmun appeals a decision of the Addison Superior Court enforcing an agreement to settle a specific performance action brought by plaintiffs Gregory and Patricia Smith. Defendant claims that the court erred in finding that a settlement agreement existed, in finding that defendant's former lawyer had authority to enter into a settlement agreement, and in assessing damages and prejudgment interest. We affirm in part and reverse in part.

Plaintiffs were living in a camp they constructed on defendant's property in Starksboro. In November 1988, they brought an action to require defendant to specifically perform an alleged contract for sale of 3.2 acres on which the camp was constructed. Defendant denied the existence of the contract for sale and responded that plaintiffs were tenants who failed to pay their rent and who were notified to vacate in October 1988. Defendant sought a writ of possession by counterclaim. The underlying actions were never tried. Instead, plaintiffs moved to enforce a settlement agreement which they claimed was entered into between the parties. Eventually, after taking evidence, the court issued two decisions finding that a settlement agreement existed and enforcing it.

In the first decision, the court found that through an exchange of letters of their lawyers, the parties had agreed to a settlement under which plaintiffs would relinquish claim to the real estate and pay $1,500 in back rent and an amount for any damage to the real estate; defendant in turn would purchase the camp from plaintiffs for a price to be determined by an independent appraiser. The appraiser set the value of the camp at $13,700. The court found that defendant balked at complying with the settlement because he disagreed with the appraisal and not because he seriously disputed the existence of the settlement or the lawyer's authority to consummate it.

In the second decision, the court again found the agreement valid and that defendant had breached it, specifically responding to defendant's renewed argument that no agreement existed because defendant's lawyer failed to include as a term that plaintiffs vacate immediately, as defendant instructed the lawyer to do; and that if an agreement existed, it necessarily included the term that plaintiffs vacate immediately, which they failed to do. The court accepted the appraiser's value of the camp and awarded net damages of $11,450, plus interest on the amount running from December 1, 1989.

Defendant first argues that a finding that a letter of February 20, 1989 from plaintiffs' attorney contained the terms of the settlement is clearly erroneous. Defendant misconstrues the finding, which

states only that the letter of February 20 was "key" and ended the dispute. Elsewhere, the court found that the parties reached a resolution of the dispute in May of 1989, when the last letter was sent by defendant's lawyer. Read in context, the finding about the key letter is not clearly erroneous.

We reach a similar conclusion with respect to a finding that defendant did not convey to his lawyer his view that the appraisal of the camp should be based on salvage value. The court found that defendant agreed to the appraisal, without tying the hands of the appraiser to a particular methodology, whatever he thought the outcome of the appraisal might or should be. The evidence supports this finding, and we will not overturn it. See *Pinewood Manor, Inc. v. Vermont Agency of Transp.*, 164 Vt. 312, 315, 668 A.2d 653, 656 (1995).

Defendant next claims that the exchange of letters did not create a settlement agreement because there was never an agreement on a set of specific terms and the terms plaintiffs claimed were vague and unenforceable. Specifically, defendant claims that there was no meeting of the minds on when plaintiffs would leave the property or, alternatively, the agreement was vague or incomplete on this point, and vague or incomplete on the question of whether plaintiffs would relinquish their claim to the land. The trial court concluded that the terms were fully stated in the May 17, 1989 letter from defendant's attorney to plaintiffs' attorney, there was a meeting of the minds on these terms, and these terms were not vague or incomplete.

There is no dispute about the law applicable to defendant's claims. Before there is a contract, there must be initial assent to the terms. *Milot v. Calkins*, 150 Vt. 537, 538, 554 A.2d 260, 261 (1988). Vagueness and indefiniteness as to an essential contract term can preclude formation of an enforceable contract. *Evarts*

*v. Forte*, 135 Vt. 306, 310, 376 A.2d 766, 769 (1977). We must affirm conclusions of law that are supported by findings and are consistent with the applicable law.

The trial court rejected defendant's theory that plaintiffs' immediate departure from the land was ever intended to be a contract term or, more broadly, that any departure date was made part of the agreement.* The findings support the court's conclusion that there was a meeting of minds on the terms of the contract. Moreover, the absence of specification on the leaving date does not make the agreement vague or incomplete as to essential terms. Similarly, it was unnecessary to include a specific statement that plaintiffs made no further claim to the land because the settlement agreement necessarily had that consequence.

Next, defendant claims that his lawyer lacked authority to settle the litigation except with express terms that guaranteed plaintiffs' immediate departure from the land and adopted defendant's methodology for the appraisal. We agree with defendant that the settlement is valid only if defendant was found to have granted express authority to settle on those terms. See *Plourde v. Smith*, 151 Vt. 100, 102, 557 A.2d 883, 884 (1988); *New England Educational Training Service, Inc. v. Silver Street Partnership*, 148 Vt. 99, 104, 528 A.2d 1117, 1120 (1987). The court found, however, that defendant granted his lawyer express authority to settle.

In challenging the court's analysis, defendant places great emphasis on his letter to his lawyer and the testimony of himself and his daughter. The letter described the concerns now raised as observations, and the court accepted the testimony of the lawyer who believed he had express authority to conclude a settle-

_____
* This construction also answers defendant's claim that plaintiffs breached by failing to leave as agreed.

ment on the terms stated in his May 17th letter. It was up to the trial court to resolve the conflicts in the evidence. The court's conclusion that the lawyer had the express authority to settle on the terms stated is supported by the findings, which, in turn, are supported by the evidence. There is no error.

Defendant next claims that the damage award is erroneous, primarily because it is based on an appraisal which even the appraiser indicated was based on improper methodology. The issue centers on the permissible uses of the camp for valuation purposes. The appraiser valued it as an accessory use, which, because of the lack of sewer and water, did not include normal residential occupancy.

Although defendant's brief is vague on this point, we believe the deficiencies in the appraisal, if any, went to the amount of damages and not to whether there was a breach. The agreement provided that the appraiser would "determine how much value, if any, the structures and other improvements placed on the property by Smith have added to the entire property." Apart from the valuation reached by the appraiser, the trial court found that the appraiser performed as specified in the agreement, and that finding is supported by the evidence.

The appraiser testified three times, and the substance of the testimony gradually changed over that period. Similarly, defendant's lawyer testified three times and his testimony grew increasingly critical of the action of the appraiser. The shifting testimony necessarily created a range of outcomes from which the trial judge could choose. In determining damages, the finder of fact has the "'liberty of broad discretionary judgment.'" *Roy v. Poquette*, 147 Vt. 332, 334, 515 A.2d 1072, 1074 (1986) (quoting *Kerr v. Rollins*, 128 Vt. 507, 510, 266 A.2d 804, 806 (1970)). The court could find from the appraiser's testimony that the value he came up with was based on the camp as an accessory

use, and this was the basis contemplated by the parties in the settlement agreement. There is no error.

In connection with this argument, defendant asserts that it was error for the court to rely on the town's property tax valuation of the camp because that evidence was inadmissible and irrelevant. The issue first arose when plaintiffs' lawyer asked the appraiser if he knew that the town's appraised value was close to his, to which the appraiser answered, "Really?" This question in response to a question added no evidence to the proceeding. Thereafter, plaintiffs moved to admit the town's grand list value. Defendant objected because the evidence went only to whether there was an agreement, which had already been decided by the court. The court determined that the valuation went to damages and admitted the evidence on that basis. Defendant has not preserved his claim because the ground for the objection asserted below is not the same as that presented here. See *State v. Bissonette*, 145 Vt. 381, 392, 488 A.2d 1231, 1237 (1985). The evidence was marginally relevant and could be used by the trial court. See V.R.E. 401 (defining relevancy).

Finally, defendant contests the award of prejudgment interest. Without explanation, the court awarded interest from December 1, 1989. Prejudgment interest is available as a matter of right where damages are liquidated or readily ascertainable. *Winey v. William E. Dailey*, Inc., 161 Vt. 129, 141, 636 A.2d 744, 752 (1993). Otherwise, the decision to award lies within the discretion of the trial court. See Reporter's Notes, 1981 Amendment to V.R.C.P. 54. Whether awarded as of right or discretionarily, interest is measured from the date of breach. *Winey*, 161 Vt. at 141, 636 A.2d at 752.

We cannot accept that the date of breach was December 1, 1989, the date defendant received the appraisal from his

lawyer. There was no demand at that time and no immediate action to repudiate the contract. Defendant's breach occurred at some later time when defendant repudiated the settlement agreement and refused to perform as agreed.

*Except for the calculation of prejudgment interest, the judgment of the Addison Superior Court is affirmed. The calculation of prejudgment interest is reversed and remanded for proceedings not inconsistent with this order.*