**John Ousbie JAGO, Appellant,**

v.

**SPECIAL NEEDS HOME HEALTH CARE, Appellee.**

Nos. 2004–CA–002569–MR, 2004–CA–002577–MR.

Court of Appeals of Kentucky.

March 10, 2006.

As Modified April 14, 2006.

Logan B. Askew, Hopkinsville, KY, for appellant.

Robert E. Ison, Hopkinsville, KY, for appellee.

Before TACKETT, TAYLOR, and VANMETER, Judges.

*OPINION*

TACKETT, Judge.

John Ousbie Jago appeals from the judgment of the Christian Circuit Court, which denied his motion for relief from an agreed judgment under Kentucky Rule of Civil Procedure (CR) 60.02 in which he argued that he had not given his then-attorney, J. Michael Foster, authority to enter into a settlement on his behalf.

Jago argues that the court should have conducted an evidentiary hearing to determine whether actual authority existed, instead of deciding the issue on the affidavits of Jago and his daughter, Joyce Radford, and his former attorney, Foster. We agree that Jago was entitled to an evidentiary hearing and vacate the order denying relief, and instruct the court to conduct a full evidentiary hearing on the matter.

Jago was the defendant in an action to collect a debt filed by Special Needs Home Health Care (SNHHC), which provided in-home care for him pursuant to an agreement entered November 2, 2002. Jago was at the time 80 years old and an insulin-dependent diabetic. Jago alleges that SNHHC assured him that his insurance would cover their services, but the insurance company was unable to process the claim due to a lack of information, and it was later denied when it was discovered that SNHHC, a Tennessee company, was not licensed to provide the offered services in Kentucky. SNHHC continued to provide services during the period when the insurance company was unable to process the claim, and in April 2003 advised Jago of the denial of coverage and that he would be liable for the debt, which at the time was alleged to be $2,800. Later, in May, SNHHC revised its billing summary to reflect a balance of $4,730. In November 2003 SNHHC filed suit to collect the debt. Jago argued in a later complaint filed against SNHHC, which was dismissed by the circuit court because it should have been presented as a compulsory counterclaim under CR 13, that SNHHC's charges for daily services were significantly higher than he had agreed to pay, and that he should not be held liable for the debt at all because SNHHC had misrepresented its status as a licensed home health care provider to him.

Jago retained J. Michael Foster to represent him in SNHHC's action. Jago alleges that Foster failed to respond to discovery requests, resulting in several key facts being deemed admitted, and that Foster entered into an agreed judgment with SNHHC which bound Jago to pay the full amount demanded by SNHHC in its complaint. Jago and his daughter Joyce Radford, who dealt with Foster much of the time on her father's behalf, alleged later that they never discussed with Foster the agreed judgment proposed, nor did they give him permission to execute it. Nevertheless, in Jago's motion for relief from the agreed judgment, the circuit court relied on Foster's affidavit to the contrary in denying Jago relief from the judgment. This appeal followed.

 The leading cases on settlement authority, *Clark v. Burden*, 917 S.W.2d 574 (Ky.1996), and recently *Ford v. Beasley*, 148 S.W.3d 808 (Ky.App.2004), both involved a decision made after an evidentiary hearing was conducted by the circuit court. The law is clear that express client authority must be had to enter into a settlement agreement, and apparent authority is insufficient. Where no express authority to settle exists, a settlement cannot bind the client.[1]

We have been unable to find a case where a circuit court has decided such an issue with only affidavits constituting the

---

1. The *Clark* Court also stated "we can conceive of circumstances in which the rights of third parties might be substantially and adversely affected by an attorney possessing apparent authority but who lacked actual authority. If such a contention were made, a court of equity would be empowered to fix responsibility where it belonged to prevent injustice." *Clark* at 577. Nevertheless, the *Clark* court held the general rule is that express authority is required for a settlement to bind the client, and so we follow that rule here.

record before it. Whether an attorney violated his duty to his client by entering into a binding settlement without express authority, especially when the agreement essentially agrees to all demands presented, is a very serious matter. A party making such a serious allegation in a motion for relief from a judgment ought to be afforded every opportunity to present his case and cross-examine his former counsel, so that the court may have the opportunity to judge the credibility of both parties to decide the matter. Affidavits can be a useful tool in the service of judicial economy, but on such a critical matter they are simply insufficient to form the basis of a decision. Therefore, we vacate the decision and order the court to conduct a full hearing, providing Jago an opportunity to call witnesses and introduce evidence in support of his allegation, and to cross-examine his former counsel and any other witnesses about any authority that might or might not have been given Foster to settle the case. Due process demands nothing less.

With respect to the complaints dismissed as compulsory counterclaims, we also vacate the order dismissing the complaint with the instruction to allow Jago to present these claims if the court determines that he should be granted relief from the agreed judgment.

For the foregoing reasons, the order of the Christian Circuit Court is vacated and the matter remanded for a hearing conducted in accordance with this opinion.

ALL CONCUR.