2008 VT 10

**Megan D. PRICE v. Garry C. BOWEN**

[945 A.2d 367]

No. 07-159

*Corsones*, J.

¶ 1. January 30, 2008. Defendant appeals an order of the Rutland Superior Court, enforcing the decision of a master appointed earlier by the court as part of an alleged settlement agreement by the

parties. Because we conclude that the court erred in deciding that defendant could not, as a matter of law, rescind a settlement because his attorney lacked the authority to settle, we reverse and remand.

¶ 2. Plaintiff filed the underlying suit in this case in October 2000, making a variety of legal and equitable arguments concerning a power line buried by defendant on a right-of-way abutting plaintiff's property. In April 2003, the case ostensibly settled during the jury draw, and the parties' counsel notified the judge of the settlement in chambers. The damages component was settled for a sum certain and is not involved in this appeal. The attorneys for each side outlined the terms of the settlement of the equitable-relief component of plaintiff's claim and indicated that they would prepare a written settlement agreement. The central provision of this agreement was the appointment of a "master" who would resolve disputed issues and implement his decision.

¶ 3. Between April and September 2003, the parties exchanged drafts of written settlement agreements but were unable to agree to a single version. On September 22, 2003, plaintiff moved to enforce the proposed written agreement she proffered on that date. In October 2003, defendant opposed plaintiff's motion, arguing, inter alia, that the settlement was not enforceable because defendant's former attorney had agreed to settle without express authority. In June 2004, defendant filed a motion to rescind the settlement on this ground. In September 2004, more than a year after the filing of the parties' original motions, the court considered the merits of plaintiff's motion to enforce and defendant's motion to rescind.

¶ 4. The court granted plaintiff's motion to enforce, reasoning that any dispute concerning authority to settle had no bearing on the enforcement of the settlement. The court suggested that any remedy available to defendant would come through a direct suit brought by defendant against his attorneys. When defendant argued that he had not authorized the settlement, the court stated:

> That's not our problem. That's between he and his lawyer at the time. Our problem is . . . there's a process here that this case has been set. The parties, through representation of counsel, entered into a settlement. Now whether or not the counsel was authorized to do that or not do that, . . . there's remedies available for him to those counsels. I'm not suggesting that he should file a lawsuit or any type of complaint . . . [but] . . . we rely on counsel representations on a daily basis. Without that, this process cannot work.

¶ 5. The court accordingly denied defendant's motion to rescind without holding a hearing to determine whether defendant's former attorneys had the authority to settle on his behalf. The gist of the court's reasoning was that a hearing was unnecessary, because the issue of an attorney's authority to settle had no bearing on whether the settlement was enforceable.

¶ 6. We disagree. We have long recognized "the general rule, supported by the weight of the authority, that an attorney has no authority to . . . settle his client's claim without his client's permission." *New Eng. Educ. Training Serv, Inc. v. Silver Street P'ship*, 148 Vt. 99, 104, 528 A.2d 1117, 1120 (1987). A "settlement is valid only if defendant was found to have granted express authority to settle on those terms." *Smith v. Osmun*, 165 Vt. 545, 546, 676 A.2d 781, 784 (1996) (mem.).

¶ 7. Like other jurisdictions, this Court has explicitly recognized that resolution of the question of an attorney's authority

to settle requires an evidentiary hearing. See *Plourde v. Smith*, 151 Vt. 100, 102, 557 A.2d 883, 884 (1988) ("In order to determine whether defendant['s] attorney had the authority to settle . . . , and to determine whether a settlement was in fact entered into, the trial court should have held a hearing on defendant['s] motion."); accord *Amatuzzo v. Kozmiuk*, 703 A.2d 9, 12 (N.J. Sup. Ct. App. Div. 1997); *Jago v. Special Needs Home Health Care*, 190 S.W.3d 352, 354 (Ky. Ct. App. 2006); *Kimball v. First National Bank of Fairbanks*, 455 P.2d 894, 897-98 (Alaska 1969). The court's decision to the contrary was error. Accordingly, we reverse and remand for the court to hold a hearing as to the authority of defendant's attorney to enter the disputed settlement. The court should also consider whether the settlement agreement plaintiff seeks to enforce reflects the oral agreement of the parties.

*Reversed and remanded.*