## State of Vermont
### Superior Court—Environmental Division

==================================================================
### E N T R Y   O R D E R
==================================================================

| | |
|---|---|
| **Williamson Building Permit Application** | **Docket No. 248-12-09 Vtec** |
| **Williamson NOV** | **Docket No. 184-11-10 Vtec** |
| **Williamson Belfry Application** | **Docket No. 185-11-10 Vtec** |
| **Town of Georgia v. Williamson** | **Docket No. 14-2-11 Vtec** |
| **Williamson Third Tier Application** | **Docket No. 55-4-12 Vtec** |

Title: Town of Georgia's Motion to Alter or Amend Judgment

Filed: March 22, 2013

Filed By: Town of Georgia

Response: None

 X  Granted            ___ Denied            ___ Other

Pending before the Court is the Town of Georgia's Motion to Alter or Amend Judgment.[1]  The Town's request follows its effort to obtain payment pursuant to its March 15, 2011 settlement agreement (Agreement) with Michael Williamson.  The Agreement, signed by both parties and their respective attorneys, was the result of the parties' court-ordered mediation related to construction involving a camp, deck, and third tier addition on Mr. Williamson's property for which no permit was obtained.

On November 1, 2012, the Court granted the Town's motion to approve and enforce the Agreement and concluded that Mr. Williamson breached the Agreement by failing to pay the $7,000 fine pursuant to the Agreement when it became due on December 20, 2011.  Williamson Building Permit, Nos. 248-12-09 Vtec, 184-11-10 Vtec, 185-11-10 Vtec, 14-2-11 Vtec, and 55-4-12 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2012) (Walsh, J.); see Agreement at 2, ¶ 5, filed Mar. 23, 2011 (stating that upon certain conditions being met, Mr. Williamson shall pay to the Town the sum of $7,000 "[i]n full settlement of all claims by either party for damages, attorney's fees, costs of litigation, or fines related to the construction of the Camp, Deck[,] and/or Tower accruing up to the date of this Agreement . . . .").  The Court also directed Mr. Williamson to pay the sum of $7,000 within twenty days of the Decision.  Williamson Building Permit, Nos. 248-12-09 Vtec, 184-11-10 Vtec, 185-11-10 Vtec, 14-2-11 Vtec, and 55-4-12 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2012) (Walsh, J.).

---

[1] The Town's motion, and thus this decision, relates to the five cases listed in the caption of this decision: Williamson Building Permit Application, No. 248-12-09 Vtec; Williamson NOV, No. 184-11-10 Vtec; Williamson Belfry Application, No. 185-11-10 Vtec; Town of Georgia v. Williamson, No. 14-2-11 Vtec; and Williamson Third Tier Application, No. 55-4-12 Vtec.  In this Entry Order, we refer to these cases collectively as Williamson Building Permit.

Because the parties subsequently disputed whether the Court's November 1, 2012 decision was a final judgment, we altered its format on March 13, 2013 to clarify that issue. Additionally, we issued a judgment order requiring Mr. Williamson to pay the Town the sum of $7,000, pursuant to the Agreement, within twenty days of the altered Decision and Judgment Order. Williamson Building Permit, Nos. 248-12-09 Vtec, 184-11-10 Vtec, 185-11-10 Vtec, 14-2-11 Vtec, and 55-4-12 Vtec, slip op. at 6-7 (Vt. Super. Ct. Envtl. Div. Mar. 13, 2013) (Walsh, J.). The Town then timely filed a motion to alter or amend judgment under V.R.C.P. 59(e) to add prejudgment interest to the $7,000 award. Mr. Williamson did not respond to the Town's motion.[2]

While the resolution of a motion to alter or amend is ultimately within the Court's discretion, we recognize the correction of "manifest errors of law or fact" and the prevention of "manifest injustice" to be principal grounds for granting such a motion. Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.)(internal quotation omitted). As explained further below, we conclude that not awarding interest in our March 12, 2013 altered Decision and Judgment Order was in error and that further amending our final judgment to include prejudgment interest is necessary to prevent injustice for the Town.

V.R.C.P. 54(a) instructs that "in an action where monetary relief is awarded, the amount of the judgment shall include the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party." Moreover, "every final judgment shall grant the relief" to which the prevailing party is entitled, even if that party did not demand such relief in its pleadings. V.R.C.P. 54(c). Lastly, interest is available as a matter of right "when the principal sum recovered is liquidated or capable of ready ascertainment." Reporter's Notes, 1981 Amendment to V.R.C.P. 54; Smith v. Osmun, 165 Vt. 545, 547 (1996).

Paragraph 5 of the Agreement sets forth that Mr. Williamson shall pay to the Town the sum of $7,000 twenty days after the end of the appeal period for the zoning permits described in paragraph 4 of the Agreement. Agreement at 2, ¶¶ 4-5. It is undisputed that the Town issued the permits described in paragraph 4 of the Agreement, the appeal period expired without any such appeal, and the sum of $7,000 became due twenty days after the appeal period, on December 20, 2011. Having found the settlement agreement enforceable and the permit issuance condition met, the Court on November 1, 2012, and again on March 13, 2013, ordered Mr. Williamson to pay the Town the sum of $7,000. We conclude that under these circumstances, the sum of $7,000, as provided by the settlement agreement, is a readily ascertainable sum. Thus, the Town is entitled to prejudgment interest as a matter of right.

Prejudgment interest is calculated from the date of Mr. Williamson's breach to the date of judgment. See Winey v. Dailey, 161 Vt. 129, 141 (1993) (noting that in a breach of contract case "damages are to be measured at the time of breach with interest to the date of judgment"). Specifically, the Town is entitled to prejudgment interest on the sum of $7,000, beginning on the date of breach, December 21, 2011, and continuing until our final judgment and judgment order on March 13, 2013. Interest is calculated at a rate of 12% per annum or $2.30 per diem (($7,000 x

---

[2] We took the motion under advisement and postponed answering the motion until we rendered our merits decision in Williamson Third Tier Application, No. 55-4-12 Vtec.

12%)/365 days) for each day until judgment, for a total of $1,028.60.[3]  9 V.S.A. § 41a(a); see Reporter's Notes, 1981 Amendment to V.R.C.P. 54 ("The interest is calculated at the statutory legal rate in effect at the time of calculation (currently 12% simple annual interest under 9 V.S.A. § 41a(a)).").

For the reasons set forth above, the Town's motion to alter or amend judgment is **GRANTED** and our March 13, 2013 Decision and Judgment Order is hereby **AMENDED** to order Mr. Williamson to pay prejudgment interest in the amount of $1,028.60 in addition to the judgment amount of $7,000.

Done at Berlin, Vermont this 23nd day of October, 2013.

_____          _____October 23, 2013_____
            Thomas G. Walsh, Judge                                    Date

========================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:

     Attorney Michael S. Gawne for Michael Williamson

     Attorney Amanda Lafferty and Attorney David Rugh for Town of Georgia

---

[3] The interest on the $7,000 owed by Mr. Williamson to the Town is $1,028.60, calculated as follows:

| | |
|---|---|
| $7,000 x .12 (12% per annum) for the year 12/21/11 to 12/21/12 = | $840.00 |
| $2.30 per diem (($7,000 x 12%)/365 days) for 82 days through 3/13/13 = | $188.60 |
| | $1,028.60 |