SKOGLUND, J.
¶ 1. Defendants Thomas Hernon, Springfield Net Metering, LLC, and HB
*630 Energy Solutions, Inc., appeal from a jury verdict in favor of plaintiff David Russell in this breach-of-contract action. They challenge the jury instructions, the admission of certain evidence, and the court's calculation of prejudgment interest. With the exception of prejudgment interest, we affirm the court's judgment. The court's prejudgment interest calculation is reversed and remanded for additional proceedings consistent with this opinion.
¶ 2. This dispute arises out of the parties' efforts to develop commercial solar photovoltaic installations and possibly sell solar tax credits. According to plaintiff, his role was that of conceptualizer and administrative head of the effort. He prepared the permit application for the Certificate of Public Good, located and provided engineering support, and worked with Mr. Hernon's lawyer and accountant on representations to be made to prospective investors. In furtherance of their project, Mr. Hernon created a limited liability corporation-Springfield Net Metering. However, it was ultimately determined that the initial business proposal proffered by plaintiff could not work for tax purposes. Because Springfield Net Metering elected to be taxed as a subchapter "S" corporation, not a partnership, plaintiff ended up with no direct investment (no tax basis) in the LLC and therefore could not qualify for the tax credits. The parties then allegedly agreed that compensation for plaintiff would be in cash sums. When the payments were not made, plaintiff filed suit.
¶ 3. The parties' specific arguments, following the presentation of evidence at trial, can be summarized as follows. Plaintiff claimed that he was owed $28,500 based on an agreement reached in March 2013; he also claimed that he was owed $21,000 in lost profits based on an oral agreement made in August 2011 that was followed up by written agreement signed in May 2012, that was then confirmed and amended in March 2013. Defendants denied any liability to plaintiff. They asserted that they had not breached any contracts because the agreements were continually evolving. Defendants acknowledged that Mr. Hernon agreed to pay plaintiff a certain sum at the March 2013 meeting. Defendants argued, however, that there was no consideration for the March 2013 promise because plaintiff's past work had no value given that the concept of the sale of solar tax credits was not viable to provide him compensation. Mr. Hernon testified that the payments agreed to were a gift. Mr. Hernon and HB Energy Solutions further argued that if any contract did exist, the parties expected that Springfield Net Metering would pay plaintiff, and thus that the remaining defendants had no legal obligation to plaintiff. Finally, defendants asserted that any breach by them was excused, as plaintiff himself breached the contract by proposing a tax-credit idea that would not work.
¶ 4. On a special verdict form, the jury found that: (1) defendants Hernon and HB Energy Solutions breached an August 2011 contract with plaintiff, but plaintiff suffered no damages; (2) the same defendants breached a May 2012 contract with plaintiff but plaintiff suffered no damages; and (3) all defendants breached a March 2013 contract with plaintiff, and plaintiff suffered damages of $28,500. Defendants appealed from the verdict.
¶ 5. Defendants first challenge the court's jury instructions. They argue that the court erred in asking the jury to decide if the named defendants breached the August 2011 and May 2012 agreements. According to defendants, this was error because plaintiff conceded at trial that, as part of the March 2013 agreement, he was giving up on the amounts due under prior agreements. Defendants contend that they were prejudiced by this alleged error because *631 once the jury found breaches of the earlier agreements, it had "no choice" but to conclude that resolving the earlier breach-of-contract claims provided consideration for the March 2013 agreement.
¶ 6. Assuming that this claim of error was preserved, we find it without merit. First, we reject the premise of defendants' argument. The trial court determined that plaintiff had not "given up" on past amounts due. It cited a letter written by plaintiff after the March 2013 meeting in which he stated that the amounts due were $28,500, plus $20,000 derived from the prior agreements. The court explained that the jury could conclude that there was an agreement to share profits from the August 2011 claimed agreement through May 2012, which was then acknowledged at the 2013 meeting. It drafted the jury verdict form specifically to include a provision with respect to each of the three claimed contracts, and with respect to the first two, the verdict form asked the jury if plaintiff reached a settlement of that claim in a later contract.
¶ 7. The trial court's instructions to the jury were consistent with the evidence and the law. See Turgeon v. Schneider, 150 Vt. 268, 276, 553 A.2d 548, 553 (1988) (explaining that party "claiming error in jury instructions must establish not only that they were erroneous but that prejudice resulted," and no error will be found where jury charge "as a whole, ... breathes the true spirit and doctrine of the law, and there is no fair ground to say that the jury has been misled by it" (quotations omitted)). As set forth above, plaintiff claimed to have suffered damages under the prior contracts, and additional damages from defendants' breach of the March 2013 agreement. Plaintiff testified that the March 2013 agreement was based on defendants' promise to fully compensate him for the money that he would have earned had the project come to fruition in the way in which he had originally proposed it. There was evidence to show consideration for each of these promises, and the court did not err in asking the jury to consider each promise separately. Finally, we note that the jury did not in fact find that plaintiff settled his August 2011 or May 2012 contract claims in the March 2013 agreement, further undermining defendants' argument concerning consideration. We find defendants' first claim of error without merit.
¶ 8. Defendants next argue that the court erred in admitting certain evidence at trial. Specifically, they challenge the admission of an exhibit in which plaintiff memorialized an August 2011 agreement (Exhibit 2), a February 21, 2013 memorandum from plaintiff (Exhibit 27), and an operating agreement for Springfield Net Metering (Exhibit 11). Defendants assert that plaintiff failed to lay an appropriate foundation for the admission of these documents.
¶ 9. Defendants waived these arguments by failing to raise them below. See Rutland Herald v. Vt. State Police, 2012 VT 24, ¶ 33, 191 Vt. 357, 49 A.3d 91 (explaining that party must "present an argument with specificity and clarity" to trial court to preserve it for review (quotation omitted)). At trial, defendants objected to the first document on the ground that it was not executed. Plaintiff acknowledged this and explained that the document was not a contract; instead, it was plaintiff's synopsis of what had been discussed at the August 2011 meeting. The court overruled defendants' objection. Defendants objected to the second document on hearsay grounds, which the court also overruled. We do not consider defendants' new evidentiary challenges, which are raised for the first time on appeal. See id.
*632 ¶ 10. As to the final exhibit-an unsigned operating agreement for Springfield Net Metering created by a law firm-defendants argued below that plaintiff could not authenticate the document because it was unsigned. The court construed this argument as an objection to foundation, and allowed plaintiff to provide an additional explanation of how the agreement arose and why he was offering it into evidence. Plaintiff provided such testimony, and defendants renewed their objection that this was "not a properly authenticated document." The court overruled the objection. Defendants make no specific argument as to how the court erred aside from their blanket assertion that there was an inadequate foundation for admission of this document. The trial court concluded otherwise, and defendants fail to demonstrate any error. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571, 980 A.2d 799 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out a case for abuse of discretion). While it is not clear, defendants also appear to argue that the document should not have been admitted under V.R.E. 803(5) as a "memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately." The rule does not seem relevant to this document, but in any event, this particular objection was not raised below, and it is therefore waived. See Rutland Herald, 2012 VT 24, ¶ 33, 191 Vt. 357, 49 A.3d 91.
¶ 11. Finally, defendants argue that the court erred in awarding judgment to plaintiff with interest to accrue from May 1, 2013 to the date of payment. According to defendants, there was no clear due date for the payment agreed upon in the March 2013 meeting.
¶ 12. The trial court did not explain how it determined that interest would begin to accrue on May 1, 2013. Certainly, plaintiff had a right to prejudgment interest. See Smith v. Osmun, 165 Vt. 545, 547, 676 A.2d 781, 785 (1996) (mem.) (explaining that "[p]rejudgment interest is available as a matter of right where damages are liquidated or readily ascertainable," and trial court otherwise has discretion in deciding whether to award prejudgment interest); see also V.R.C.P. 54(a) ("[T]he amount of the judgment shall include the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party."). Nonetheless, "[i]n breach of contract cases, damages are to be measured at the time of breach with interest to the date of judgment." Winey v. William E. Dailey, Inc., 161 Vt. 129, 141, 636 A.2d 744, 752 (1993).
¶ 13. The evidence here indicates that defendants agreed in March 2013 to pay plaintiff $28,500. Plaintiff testified that payments were to begin in June 2013, and that no such payments were made. In a June 5, 2013 letter written to Mr. Hernon, plaintiff indicated that defendants had agreed to pay him $28,500 in a lump sum that month. Plaintiff asked defendant to pay the sum in full by June 14, 2013. Defendants did not do so. We agree with defendants that June 14, 2013, appears to be the earliest date that prejudgment interest could begin to accrue. Because we cannot discern the basis for the court's determination that interest began to accrue on May 1, 2013, we must reverse and remand the calculation of prejudgment interest for additional proceedings. See Sec'y, Vt. Agency Nat. Res. v. Irish, 169 Vt. 407, 419, 738 A.2d 571, 580 (1999) (reversing and remanding where trial court failed to make necessary findings).
*633 Affirmed, with the exception of the court's calculation of prejudgment interest. The calculation of prejudgment interest is reversed and remanded for additional proceedings consistent with this opinion.